Raoul J. Severo, Esq. [S.B. #78104]
Bodine Payne, Esq. [S.B. #328291]
Severo, LLP
500 N Brand Blvd, Ste 2350
Glendale, CA 91203
(855) 216-3990
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT of CALIFORNIA

NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO,

    Plaintiff,

vs.

DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT

    Defendant

Case No.:

COMPLAINT FOR DAMAGES FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AND INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

REQUEST FOR INJUNCTIVE RELIEF

DEMAND FOR A JURY TRIAL

## Jurisdiction

1. This court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and an amount in controversy greater than $75,000.

## Venue

2. Venue is proper pursuant to 28 U.S.C. § 1331 because a substantial part of the events or omissions giving rise to the claim occurred in the district, and a substantial part of property that is the subject of the action is situated is located in this district.

## Parties

3. Plaintiff, Nicko "Romeo" Lacoste, is a citizen of California and resides at 14500 Sherman Circle #459 Van Nuys, CA 91405.

4. Plaintiff's place of business, The California Dream Tattoo, is located at 13131 Sherman Way #207, North Hollywood, CA.

5. Defendant, Daniel "Keemstar" Keem, is a citizen of New York and resides at 12 Greenbranch Road, Buffalo, NY 14224.

6. Defendant's business, DRAMAALERT, upon information and belief, is primarily located at Defendant's personal residence, at 12 Greenbranch Road, Buffalo, NY 14224.

**Statement of Facts**

7. "DRAMAALERT" is a channel, owned by Defendant, that is projected across multiple social media outlets, including but not limited to: YouTube, Twitter, Instagram, and Snapchat.

8. Defendant holds out "DRAMAALERT" as a platform to deliver what Defendant proffers as "news on the social interactions in online entertainment."

9. Defendant conducts interviews, publicizes videos, and provides his opinions on the stories that he covers.

10. Defendant uses these stories to push his own agenda and to sway his "followers" to sharing his opinions.

11. Defendant has accused Plaintiff of pedophilia in several videos across the aforementioned social media outlets. Included in these are videos published to YouTube on Mar 16, 2019, Mar 17, 2019, February 10, 2020.

12. On February 10, 2020, Defendant publicized a video-recording of a conversation Plaintiff was engaging in conversations of a sexual nature and an interview with the recording's creator.

13. This recording was made by the individual with which Plaintiff was engaging in the sexually charged conversation.

14. This individual was a minor, hereafter known as "Person A."

15. Person A falsely told Plaintiff that she was of majority status.

16. Plaintiff had no prior knowledge of the recording, nor had he ever given consent for its creation.

17. On the date and time this recording was created, Person A was located in Florida, where she is believed to have been, and still be, a resident of the state.

18. Person A transmitted this video-recording electronically, from her location in Florida to Defendant in New York.

19. Defendant used this video in his efforts to destroy Defendant's business and reputation.

20. Defendant has stated multiple times that "[Plaintiff] is finished," "[Plaintiff's] career is finished," and "[Plaintiff] belongs in a cage."

21. Defendant has a demonstrable history for making accusations, notably other accusations of pedophilia, which he is unable to substantiate, yet recklessly and maliciously continues to make such accusations.

22. The accusations made against Plaintiff have caused substantial damage to Plaintiff's business.

23. Plaintiff's business is a service-based industry, and the damage caused to his business is from an aggregate loss of a mass of individual clients.

24. Defendant was acutely aware of the nature of Plaintiff's business and the potential impact of his statements.

25. Plaintiff and his business lost contract opportunities as a direct result of the controversy that Defendant created to surround Plaintiff.

26. Plaintiff lost business as a result of employees deciding to pursue alternative places of employment, causing greater harm to the earning capacity of the business.

27. Plaintiff's loss of business directly correlates to the origination of the videos that Defendant created and publicized.

### Count I

Interference With Prospective Economic Advantage

28. Plaintiff realleges paragraphs 1 through 27.

29. Plaintiff believes and alleges that Defendant's conduct, as alleged above, disrupted Plaintiff' prospective economic advantage in obtaining his previously consistent stream of clients and revenue.

30. As a direct, proximate, and foreseeable result of defendants' wrongful conduct, as alleged above Plaintiff has suffered damages in an amount to be proven at trial. Plaintiff will

seek leave of Court to amend this Complaint to set forth the exact amount of damages when they have been ascertained.

31. Plaintiff believes and alleges that, by their unjustified and unprivileged conduct, as alleged above, Defendant intended to disrupt Plaintiff's prospective economic advantage.

32. As a direct, proximate, and foreseeable result of defendants' wrongful conduct, as alleged above Plaintiff has suffered damages in an amount to be proven at trial, and which Plaintiff is informed and believes exceeds the amount in controversy threshold for federal diversity jurisdiction.

33. As a direct, proximate, and foreseeable result of Defendants' wrongful conduct, as alleged above, Plaintiff has suffered damages in an amount to be proven at trial, and which Plaintiff is informed and believes exceeds the amount in controversy threshold for classification as a federal diversity jurisdiction case, Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of damages when they have been ascertained.

34. Plaintiff believes and alleges that Defendant has acted with malice, and has deliberately caused and intended to cause great economic harm to Plaintiff with full knowledge of the wrongfulness of his conduct. Plaintiff further believes and alleges that Defendant conduct as alleged above was despicable, was carried on by Defendant with a willful and conscious disregard of Plaintiff's rights, and subjected Plaintiff to unjust hardship. Therefore, Plaintiff should be awarded punitive and exemplary damages sufficient to punish Defendant for engaging in this conduct and to deter similar conduct on their part in the future.

35. Plaintiff believes and alleges that Defendant's illegal acts as described above are a serious and continuing threat to Plaintiff's reputation, goodwill, and financial health. If Defendant is allowed to continue his wrongful acts, Plaintiff will suffer further immediate and irreparable injury, loss, and damage. Plaintiff is further informed and believes, and based thereon alleges that, in the absence of preliminary and permanent injunctions as prayed for below Defendant will continue to violate Plaintiff's rights by engaging in the conduct alleged above.

## Count II

### Interference With Contractual Relations

36. Plaintiff realleges paragraphs 1 through 35.

37. Plaintiff believes and alleges that, at all times relevant herein, Defendant was aware of and had knowledge of Plaintiff's contractual relationships with promoters, agencies, and social media platforms, operating on local, national, and international stages.

38. Plaintiff believes and alleges that, by his unjustified and unprivileged conduct, as alleged above, Defendant intended to disrupt the contractual relationships between Plaintiff and such entities.

39. Plaintiff believes and alleges that Defendant's conduct, as alleged above, disrupted the contractual relationships between Plaintiff and such entities.

40. As a direct, proximate, and foreseeable result of Defendant's wrongful conduct, as alleged above, Plaintiff has suffered damages in an amount to be proven at trial, and which Plaintiff is informed and believes exceeds the amount in controversy threshold for classification as a federal diversity jurisdiction case, Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of damages when they have been ascertained.

41. Plaintiff believes and alleges that Defendant has acted with malice and has deliberately caused and have intended to cause great economic harm to Plaintiff with full knowledge of the wrongfulness of his conduct. Plaintiff further believes and alleges that Defendant's conduct as alleged above was despicable, was carried on by Defendant with a willful and conscious disregard of Plaintiff's rights, and subjected Plaintiff to unjust hardship. Therefore, Plaintiff should be awarded punitive and exemplary damages sufficient to punish Defendant for engaging in this conduct and to deter similar conduct on their part in the future.

42. Plaintiff believes and alleges that Defendant illegal acts as described above are a serious and continuing threat to Plaintiff's reputation, business relations, and financial health. If Defendant is allowed to continue his wrongful acts, Plaintiff will suffer further immediate and irreparable injury, loss, and damage. Plaintiff further believes that, in the absence of a

1 temporary restraining order and preliminary and permanent injunctions as prayed for below,
2 Defendant will continue to violate Plaintiff's rights by engaging in the conduct alleged above.

### Request for Relief

WHEREFORE, the Plaintiff requests:

43. As to the first and second causes of action, for compensatory damages, including general and special damages, according to proof, in the amount of $3,500,000.00.

44. As to the first and second causes of action, temporary injunctive relief, pending this litigation, barring Defendant from making further public statements regarding the accusations he has previously made and regarding this litigation itself.

45. As to the first and second causes of action, preliminary and permanent injunctive relief, barring Defendant and his agents, employees, assigns, and representatives, from, directly or indirectly, making further public statements, social media posts, etc., regarding the accusations he has previously made and regarding this litigation itself.

46. As to the first and second causes of action, for punitive and exemplary damages, according to proof at trial.

47. As to the first and second causes of action, for prejudgment interest at the maximum legal rate;

48. For costs of suit incurred herein;

49. For attorney's fees as permitted by law; and

50. Any further relief which the Court may deem appropriate.

### Demand for Jury Trial

51. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

3/10/2020
(Dated)

(Signature)

By: Raoul J. Severo
(Attorney for Plaintiff)

Complaint - 6