BROWNE GEORGE ROSS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Kim S. Zeldin (State Bar No. 135780)
  kzeldin@bgrfirm.com
Eric A. Westlund (State Bar No. 293403)
  ewestlund@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
DANIEL "KEEMSTAR" KEEM, dba
DRAMAALERT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT,<br><br>Defendant. | Case No. 2:20-CV-02323-RGK-JPR<br><br>The Hon. R. Gary Klausner<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO STRIKE COMPLAINT PURSUANT TO C.C.P. § 425.16**<br><br>Date:   June 1, 2020<br>Time:   9:00 a.m.<br>Crtrm:  850<br><br>Trial Date: None Set |

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 and the doctrine of incorporation by reference, Defendant Daniel "Keemstar" Keem, Dba Dramaalert ("Defendant") hereby respectfully requests that the Court consider and take judicial notice of the exhibits attached hereto[1] in connection with Defendant's Motion to Strike Complaint Pursuant to California Code of Civil Procedure § 425.16:

| Exhibit | Description |
|---|---|
| 5 | A true and correct screenshot of the "About" section of the DramaAlert YouTube Channel, available at https://www.youtube.com/user/NewDramaAlert/about. |
| 6 | A true and correct screenshot of @DramaAlert Twitter Profile, available at https://twitter.com/dramaalert. |
| 7 | A true and correct screenshot of DramaAlert Facebook Page, available at https://www.facebook.com/DramaAlert/. |
| 8 | A true and correct screenshot of dramaalert Instagram Profile, available at https://www.instagram.com/dramaalert/. |
| 9 | A true and correct screenshot of @KEEMSTAR Twitter Profile, available at https://twitter.com/KEEMSTAR. |
| 10 | A true and correct screenshot of keemstar Instagram Profile, available at https://www.instagram.com/keemstar/. |
| 11 | A true and correct screenshot of romeolacoste.com Homepage, available at http://romeolacoste.com. |
| 12 | A true and correct screenshot of romeolacoste Instagram Profile, available at https://www.instagram.com/romeolacoste/. |

---

[1] Together with this filing, Defendant will file a Notice of Manual Filing or Lodging and send copies of Exhibits 25-27, which are YouTube videos, to the Court. Defendant will also serve courtesy copies of the videos on all parties.

| Exhibit | Description |
|---|---|
| 13 | A true and correct screenshot of the "About" section of the Romeo Lacoste YouTube Channel, available at https://www.youtube.com/user/winterxdreams/about. |
| 14 | A true and correct screenshot of thecaliforniadream Instagram Profile, available at https://www.instagram.com/thecaliforniadream/. |
| 15 | A true and correct copy of Forbes.com article entitled "Romeo Lacoste: From Tattoos To YouTube," by Tom Ward, September 7, 2018, available at https://www.forbes.com/sites/tomward/2018/09/07/romeo-lacoste-from-tattoos-to-youtube/#48bd29825d26. |
| 16 | A true and correct copy of Daily Mail article entitled "Ninja gets Fortnite inspired tattoo by celebrity tattoo artist Romeo Lacoste," by Steve Longo, July 20, 2018, available at https://www.dailymail.co.uk/tvshowbiz/article-5974613/Ninja-gets-Fortnite-inspired-tattoo-celebrity-tattoo-artist-Romeo-Lacoste.html. |
| 17 | A true and correct screenshot of IMDB.com "Full Case & Crew" page for television series Best Ink, available at https://www.imdb.com/title/tt1829853/fullcredits?ref_=tt_cl_sm#cast. |
| 18 | True and correct screenshot of tweets published by Twitter user @yellowchairr, available at the following URLs: https://twitter.com/yellowchairr/status/1106706593708564480; https://twitter.com/yellowchairr/status/1106706903390777344; https://twitter.com/yellowchairr/status/1106707311811133441; https://twitter.com/yellowchairr/status/1106707451896721408; https://twitter.com/yellowchairr/status/1106707512391163904; https://twitter.com/yellowchairr/status/1106707705329115136. |

| Exhibit | Description |
|---|---|
| 19 | A true and correct screenshot of tweets published by Twitter user @ultrahoney1, available at the following URLs: https://twitter.com/ultrahoney1/status/1106918008356786176; https://twitter.com/ultrahoney1/status/1106918205619163137. |
| 20 | A true and correct screenshot of a tweet published by Twitter user @Lilou_Vos, available at https://twitter.com/Lilou_Vos/status/1106833205166899200. |
| 21 | A true and correct copy of Newsweek.com article entitled "ROMEO LACOSTE DENIES ALLEGATIONS HE GROOMED UNDERAGE GIRLS FOR ILLEGAL SEX," by Steven Asarch, March 18, 2019, available at https://www.newsweek.com/romeo-lacoste-texts-twitter-sex-scandal-tattoos-interview-underage-1366293. |
| 22 | A true and correct copy of Dexerto.com article entitled "KEEMSTAR responds after being sued for $3.5m by Romeo Lacoste," by Connor Bennett, March 15, 2020, available at https://www.dexerto.com/entertainment/keemstar-responds-after-being-sued-for-3-5m-by-romeo-lacoste-1341373. |
| 23 | A true and correct copy of InkedMag.com article entitled "WILL THIS LOS ANGELES ARTIST REPLACE ROMEO LACOSTE?" by Devon Preston, April 2, 2019, available at https://www.inkedmag.com/original-news/danielsilva-youtubertattoos. |
| 24 | A true and correct screenshot of Freshly Inked Magazine website promoting "The TJ Dillashaw & Romeo Lacoste Issue #4," available at https://freshlyinkedmag.com/products/tj-dillashaw-romeo-lacoste. |

1533274.2

-4-    Case No. 2:20-CV-02323-RGK-JPR
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF SPECIAL MOTION TO STRIKE

| Exhibit | Description |
|---|---|
| 25 | A true and correct copy of a video published to YouTube on March 16, 2019, entitled "Ariana Grande, Dolan Twins, Ninja & More's Tattoo Artist Romeo Lacoste EXPOSED! #DramaAlert," available at https://youtu.be/2BSe-BRHET4. |
| 26 | A true and correct copy of a video published to YouTube on March 17, 2019, entitled "Romeo Lacoste INTERVIEW! #DramaAlert (Uncensored) Romeo Lacoste reacts to recent Allegations!" available at https://youtu.be/pSxmG2E3HQc. |
| 27 | A true and correct copy of a video published to YouTube on February 10, 2020, entitled "Romeo Lacoste Caught with 15 year old girl! #DramaAlert (VIDEO PROOF)" available at https://youtu.be/0yk7oCZX_EA. |

## I. APPLICABLE LEGAL STANDARDS

### A. Judicial Notice Under Federal Rule of Evidence 201

The doctrine of judicial notice permits a court to take as true "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added). Judicial notice extends to facts considered on a motion to dismiss. *E.g.*, *Blatt v. Pambakian*, No. CV197046MWFFFMX, 2020 WL 821040, at *16 (C.D. Cal. Jan. 9, 2020).

### B. Incorporation By Reference

In considering a motion to strike, the court also may take judicial notice of material incorporated by reference into the Complaint. *See, e.g.*, *Blatt*, 2020 WL

821040, at *16 (taking judicial notice of video that was "referenced in the Complaint," was "publicly available," and "from a source whose authenticity cannot be questioned"); *City of Inglewood v. Teixeira*, 2015 WL 5025839, at *2 (C.D. Cal. Aug. 20, 2015) (taking judicial notice of YouTube videos that were accessible at public URLs and were incorporated into complaint).

The doctrine of incorporation by reference applies "where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Indeed, the incorporation-by-reference doctrine applies even if the contents of the relied-upon documents are not explicitly alleged or referenced in the complaint. *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *see also U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (explaining a document "may be incorporated by reference into a complaint if . . . the document forms the basis of the plaintiff's claim"). The court may "treat such document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss." *Barber v. Nestle USA, Inc.*, 154 F. Supp. 3d 954, 958 n.1 (C.D. Cal. 2015).

## II.   GROUNDS FOR CONSIDERING THE ATTACHED EXHIBITS TO DECIDE THE MOTION TO STRIKE

### A.   The Three YouTube Videos:  Exhibits 25-27

Exhibits 25-27, which are the YouTube videos cited in the Complaint (Dkt. 1 ¶¶ 11-12), are the proper subject of judicial notice and incorporation by reference. Courts regularly take judicial notice of publicly available websites from sources whose authenticity cannot be questioned. *See, e.g.*, *Blatt*, 2020 WL 821040, at *16 (taking judicial notice of video that was "referenced in the Complaint," was "publicly available," and "from a source whose authenticity cannot be questioned"); *Latiff v. Nestle USA, Inc.*, No. 218CV06503ODWJPRX, 2019 WL 4544544, at *2

(C.D. Cal. Sept. 19, 2019) (taking judicial notice of websites and screenshots of websites that are publicly accessible online); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (noting that publicly available website are proper subjects of judicial notice). This includes videos published on sites like YouTube. *See, e.g.*, *City of Inglewood*, 2015 WL 5025839, at *2 (taking judicial notice of six YouTube videos that were accessible at public URLs and were incorporated into complaint).

For example, in *Blatt*, the court took judicial notice of a video containing a CNN interview in which the defendant had made allegedly defamatory statements. 2020 WL 821040, at *16. In reaching its decision, the court noted that in addition to being publicly available, the video was from a source whose authenticity cannot be questioned. *Id.* Courts in this circuit have routinely held that videos published to YouTube are also judicially noticeable. *See, e.g.*, *City of Inglewood*, 2015 WL 5025839, at *2; *Shapiro v. Hasbro, Inc.*, No. CV1502964BROAJWX, 2016 WL 9176559, at *4 n.10 (C.D. Cal. Aug. 23, 2016); *Leadership Studies, Inc. v. Blanchard Training & Dev., Inc.*, No. 15CV1831-WQH-KSC, 2016 WL 4595950, at *6 (S.D. Cal. Mar. 4, 2016); *Creative Dream Prods., LLC v. Houston*, No. CV 14-7714 SS, 2015 WL 12731915, at *1 n.3 (C.D. Cal. Apr. 2, 2015).

The view counts of the YouTube videos are also judicially noticeable facts, as that information is "publicly available" and "from a source whose authenticity cannot be questioned." *See Blatt*, 2020 WL 821040, at *16. *See also Song fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876, 880 (N.D. Cal. 2015) ("YouTube maintains a view count, visible to users next to each video, for all videos accessible on its site. The view count reflects the number of times YouTube believes users legitimately requested to view the video.") (internal quotations omitted).

This Court may consider the YouTube videos for the independent reason that judicial notice is proper of "material incorporated by reference into the Complaint." *Johnson*, 2018 WL 6978196, at *3. Plaintiff's Complaint in this case specifically

identifies these three videos, and the allegedly defamatory statements made by Keem in the videos form the foundation of this lawsuit. *See Blatt*, 2020 WL 821040, at *16 (taking judicial notice of internet video that plaintiff relied on for defamation claim).

### B. Screenshots of Websites: Exhibits 5-14, 17-20, and 24

The Court should take judicial notice of Exhibits 5-14, 17-20, and 24 because they are screenshots of websites that are publicly available. *See Latiff*, 2019 WL 4544544, at *2; *Perkins*, 53 F. Supp. 3d at 1204. Exhibits 5-10 and 12-14 are screenshots of the social media accounts operated by Plaintiff and Defendant around which this matter revolves. These exhibits are offered to demonstrate the number of followers and video views Romeo and Keem have accumulated on Twitter, Instagram, and YouTube -- and not offered for the truth or accuracy of any statements reflected in the screenshots. Like the screenshots in *Latiff*, the followers/viewers information here is "easily accessible online" and is not "subject to reasonable dispute." 2019 WL 4544544, at *2 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

Exhibits 11, 17, and 24 are also screenshots of websites that are easily accessible online and not subject to reasonable dispute.

### C. Articles: Exhibits 15, 16, and 21-23

Exhibits 15, 16, and 21-23 are articles published on the internet that are also easily accessible at the provided URLs. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."). As in *Von Saher*, these screenshots and articles may be judicially noticed to "indicate what was in the public realm at the time." 592 F.3d at 960. Courts may also take judicial notice of the fact that an article is published online.

### D. Tweets: Exhibits 18-20

In addition to being screenshots of websites generally, Exhibits 18-20 in particular are screenshots of public tweets published on and still available at Twitter.com. The existence of tweets published at Twitter.com is also judicially noticeable. *See Unsworth v. Musk*, No. 19-MC-80224-JSC, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (taking judicial notice of the existence of public tweets). As the court explained in *Unsworth*, the existence of public tweets cannot reasonably be disputed. 2019 WL 5550060, at *4.

## III. CONCLUSION

For the reasons detailed above, this Court should take judicial notice of Exhibits 5 through 27 to decide Defendant's Motion to Strike.

DATED: May 1, 2020

BROWNE GEORGE ROSS LLP

By: */s/ Kim S. Zeldin*
Eric M. George
Kim S. Zeldin
Eric A. Westlund
Attorneys for Defendant DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT