Raoul J. Severo, Esq. [S.B. #78104]
Joseph L. Ryan, Esq. [S.B. #301375]
Severo, LLP
500 N. Central Ave, Suite 210
Glendale, CA 91203
(855) 216-3990
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT, <br><br> Defendant. | Case No.:  2:20-CV-02323-RGK-JPR <br><br> Hon. R. Gary Klausner <br><br> PLAINTIFF'S RESPONSE TO MOTION TO STRIKE COMPLAINT PURSUANT TO C.C.P. § 425.16 <br><br> Date: June 8, 2020 <br> Time: 9:00 a.m. <br> Dept: 850 |

**PLAINTIFF'S RESPONSE TO MOTION TO STRIKE COMPLAINT PURSUANT TO C.C.P. § 425.16**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

Introduction .................................................................................................. 1

Factual Summary ......................................................................................... 1

    I. Defendant's motion to strike the complaint should be denied because Plaintiff's claim does not violate California's anti-SLAPP statute. ......2

        a. Defendant fails to establish that the statements satisfy the public interest test ........................................................................................3

            i. Neither Plaintiff nor Defendant qualifies as a public figure ...........................................................................................8

        b. Even if Defendant's speech is protected, Defendant cannot show that Plaintiff has failed to state a claim for relief.................... 12

            i. Defendant's claim that Plaintiff has failed to state a claim for tortious interference with prospective economic advantage must be rejected ............................................. 15

            ii. Defendant's unsupported claim that Plaintiff cannot establish the elements of interference with contractual relations must be rejected ............................................... 17

CONCLUSION ........................................................................................... 18

# TABLE OF AUTHORITIES

**Federal cases**                                                **page no.**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................ 12

*Conley v. Gibson*, 355 U.S. 41 (1957).......................................................... 13

*Gertz v. Robert Welch*, 418 U.S. 323 (1974).................................................. 9

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957 (N.D. Cal. 2013) ...................................................................... 5, 7, 15

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828 (9th Cir. 2018)........................................................................ 3, 12

*Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005 (N.D. Cal. 2017) .......................................................................................... 13

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ................................... 13

*United States v. King*, 623 Fed.Appx. 962, 966 (11th Cir. 2015)................... 9

**State cases**                                                          **page no.**

*Bernstein v. LaBeouf*, 43 Cal.App.5th, 15 (2019) ........................................11

*Chaker v. Mateo*, 209 Cal. App. 4th 1138 (2012) .........................................7

*FilmOn.com Inc. v. DoubleVerify Inc.* 7 Cal.5th 133 (2019) ........................4

*McGarry v. University of San Diego*, 154 Cal.App.4th 97 (2007).............. 10

*Navellier v. Sletten*, 29 Cal.4th 82 (2002) ....................................................3

*Terry v. Davis Cmty. Church*, 131 Cal. App. 4th 1534 (2005)................. 6, 7

*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219 (2003)......................................................................4

*Underwager v. Channel 9 Austl.*, 69 F.3d 361 (9th Cir. 1995).................... 14

*Weinberg v. Feisel*, 110 Cal.App.4th 1122 (2003) ....................................5, 8

*Wilbanks v. Wolk*, 121 Cal.App.4th 883 (2004)............................................4

*Wilcox v. Superior Court*, 27 Cal.Rptr.2d 446 (1994)..................................3

*Wilson v. Cable News Networks, Inc.*, 7 Cal.5th 871 (2019).......... 3, 4, 8, 10

**Statutes** **page no.**

California Code of Civil Procedure section 425.16 ..............................passim

Federal Rule of Civil Procedure 8................................................................ 12

Federal Rule of Civil Procedure 12 ........................................................... 12

Federal Rules of Evidence 408 ...................................................................9

## MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

On March 10, 2020, Plaintiff, NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO, filed a complaint for damages alleging tortious interference with contractual relations and interference with prospective economic advantage against Defendant, DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT. Defendant did not file an answer, but on May 1, 2020, filed a motion to strike the complaint pursuant to California Code of Civil Procedure § 425.16, California's anti-SLAPP statute. Because the motion to strike fails to establish infringement on constitutionally protected speech and fails to show that plaintiff cannot succeed on the merits of his claim, the motion should be denied.

## Factual Summary

The complaint outlines the facts giving rise to Plaintiff's cause of action. Dkt. No. 1 at pp. 2-3. Defendant's motion provides a factual summary and refers to exhibits which were lodged with the court. Defendant's statement of facts excludes important facts from the exhibits. First, in his interview with Plaintiff, included as Exhibit 3, Defendant states that he "just heard" that "a bunch of other clients have dropped out" as a result of the allegations reported

on DramaAlert. Dkt. No. 14-2, p. 8. Second, in his interview with Meerah, included as Exhibit 4, Defendant states, "Okay, that's how popular he was, but after the story came out with him trying to hook up with underage girls, his career is finished...nobody wants to get a tattoo from this guy for obvious reasons." Dkt. No. 14-3, p. 2.

## I.   **Defendant's motion to strike the complaint should be denied because Plaintiff's claim does not violate California's anti-SLAPP statute.**

California *Code of Civil Procedure* section 425.16, subdivision (b)(1) holds that: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

California's anti-SLAPP statute employs a two-part test: "To succeed on their anti-SLAPP motion, Defendants had to show both that their acts arose from behavior aimed at furthering their First Amendment speech rights, and also that Plaintiffs had shown no probability of success on their claims."

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828, 831 (9th Cir. 2018); see *Navellier v. Sletten*, 29 Cal.4th 82, 88 (2002).

To succeed on an anti-SLAPP motion to strike, the defendant must first show "that an act in furtherance of protected expression is being challenged." *Id.* at p. 833, citing *Wilcox v. Superior Court*, 27 Cal.Rptr.2d 446, 455 (1994). The defendant "must demonstrate activity qualifying for protection," and "comparing that protected activity against the complaint, it must also demonstrate that the activity supplies one or more elements of a plaintiff's claims." *Wilson v. Cable News Networks, Inc.*, 7 Cal.5th 871, 887 (2019).

Defendant has failed to establish that the challenged statements arise from protected activity because the statements do not involve an issue of public importance. Because Defendant's motion fails to satisfy this initial requirement, this Court need not consider whether Plaintiff would ultimately succeed in his claim.

**a. Defendant fails to establish that the statements satisfy the public interest test.**

Defendant makes the conclusory statement that "the subject matter of the YouTube videos at issue is undeniably a matter of public interest." (Dkt. No. 12 at p. 19.) Defendant is incorrect.

---

In the context of the anti-SLAPP statute, public interest includes "private conduct that impacts a broad segment of society and/or that affects a community in a manner similar to that of a government entity." *Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1233 (2003). The California Supreme Court has established a two-part test to determine whether a controversy presents an issue of public interest: "First, we ask what 'public issue or ... issue of public interest' the speech in question implicates—a question we answer by looking to the content of the speech. (§ 425.16, subd. (e)(4).) Second, we ask what functional relationship exists between the speech and the public conversation about some matter of public interest. It is at the latter stage that context proves useful." *FilmOn.com Inc. v. DoubleVerify Inc.* 7 Cal.5th 133, 149-150 (2019).

It is not enough for the statement to involve a subject of public interest, "the statement must in some manner itself contribute to the public debate." *Id*. at p. 150, citing *Wilbanks v. Wolk*, 121 Cal.App.4th 883, 898 (2004); see also *Wilson*, *supra*, 7 Cal.5th at p. 901 (even where speech involved a topic of public interest it was not protected here it related was not connected to any public issue.).

In determining whether speech involves public interest, the court should consider "a few guiding principles":

> First, "public interest" does not equate with mere curiosity… Second, a matter of public interest should be something of concern to a substantial number of people…Thus, a matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest… Third, there should be some degree of closeness between the challenged statements and the asserted public interest… Fourth, the focus of the speaker's conduct should be the public interest rather than a mere effort "to gather ammunition for another round of [private] controversy …." …Finally, "those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure."… A person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people.

*Weinberg v. Feisel*, 110 Cal.App.4th 1122, 1132-1133 (2003) (citations omitted), see also *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 968 (N.D. Cal. 2013).

Application of these factors show that Defendant has done nothing more than to attempt to convert private information – Plaintiff's sexual proclivities – into a public interest by discussing it on his YouTube news channel. Plaintiff's sex life is not "of concern to a substantial number of people." As will be discussed in detail below, Defendant's statements are not related to the public interest. Rather, Defendant asserts that Plaintiff's business should suffer and

---

that Plaintiff should be incarcerated for his alleged acts. Perhaps most importantly, Defendant's conduct is only an "effort to gather ammunition for another round of private controversy." Defendant admittedly operates a YouTube news site and boasts of his social media engagement. The purpose of the statements at issue here are not to contribute in any meaningful way to a public debate – rather, the comments seek to draw more interest in Defendant's YouTube channel at the expense of Plaintiff. By damaging Plaintiff's economic prospects, Defendant seeks to enhance his own by publishing lurid and unsubstantiated claims.

Defendant likens Plaintiff's clam to *Terry v. Davis Cmty. Church*, 131 Cal. App. 4th 1534 (2005) to argue that Defendant's statements involve the public interest. In that case, the California Court of Appeal found that "the issue as to whether or not an adult who interacts with minors in a church youth program has engaged in an inappropriate relationship with any of the minors is clearly a matter of public interest." *Id.* at p. 1547. Plaintiff's case is distinguishable. Plaintiff's job does not involve interaction with minors. Plaintiff runs a tattoo shop, which by its nature, *excludes* minors. See Cal. Penal Code section 653 ("Every person who tattoos or offers to tattoo a person under the age of 18 years is guilty of a misdemeanor."). It offers a stark contrast

to the situation in *Terry* where parents entrusted their children to a church camp counselor. Whether a tattoo artist has a sexual interest in underage persons is not a matter of public interest.

Defendant also attempts to classify his statements as involving public interest by arguing that the statements "are in the 'nature of consumer protection information,'" and that they are comparable to "a warning to consumers not to do business with plaintiffs because of their allegedly faulty business practices." Dkt. No. 12 at p. 22, citing *Chaker v. Mateo*, 209 Cal. App. 4th 1138, 1144-45 (2012) and *Piping Rock Partners*, *supra*, 946 F. Supp. 2d at p. 969. But Defendant's statements have nothing to do with Plaintiff's ability to operate his business or his proficiency in his line of work. Therefore, the statements cannot properly be classified as consumer protections or warnings.

Even if Plaintiff's conversations were in the public interest, Defendant's tortious acts in no way contribute to the public debate and bear no functional relationship to it. Defendant stated that "[Plaintiff] is finished," "[Plaintiffs] career is finished," and "[Plaintiff] belongs in a cage." These statements propose punishments – both pecuniary and legal – for actions Defendant believed occurred. They did not discuss the allegations or their effect on the alleged victims. These statements were simply aimed at damaging Plaintiff's

reputation and business interests, and increasing Defendant's business interests by drawing more viewers to his YouTube channel. The public has no interest in Plaintiff's sustained business interests or whether Plaintiff should be incarcerated. Therefore, assuming an individual's sexual proclivities are a matter of public interest, the complained of statements had nothing to contribute to the debate.

### i. Neither Plaintiff nor Defendant qualifies as a public figure.

Defendant also argues that Plaintiff's claim arises from Defendant's exercise of his right to free speech because "Romeo was in the public eye" and therefore this is a matter of public interest. Dkt. No. 12, p. 21. But section 425.16 does not protect any speech simply because it involves a person in the public eye. See *Wilson*, *supra*, 7 Cal.5th at p. 902 (holding that "a statement is about a person or entity in the public eye may be sufficient, but is not necessary, to establish the statement is "free speech in connection with a public issue or an issue of public interest.'").  Defendant's argument is essentially that *any* statement involving a public figure is one of public interest. Yet, Defendant presents no authority for that proposition. That is because there is none. Again, "A person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people." *Weinberg*,

*supra*, 110 Cal.App.4th at p. 1133. That is exactly what Defendant seeks to do here. Defendant's interpretation of the anti-SLAPP statute would improperly expand the scope of protected speech beyond what the law allows.

Moreover, there is a real question of fact as to whether either Plaintiff or Defendant is in fact a "public figure."[1] There are two categories in which a person can be a public figure: 1) where a person achieves "such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts;" and 2) more commonly, where "an individual voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." *Gertz v. Robert Welch*, 418 U.S. 323, 351 (1974).

Defendant's claims that Plaintiff is a public figure because he has hundreds of thousands of followers on social media and has appeared on a reality television show. However, having followers on his social media accounts fails to establish "pervasive fame or notoriety." In today's society, it is not

---

[1] This court should not credit the statement made in the cease and desist letter regarding Plaintiff's public figure status as relevant to the question at this stage in the proceedings. A cease and desist letter can be interpreted as a compromise offer or negotiation and is not admissible to prove a disputed claim under Federal Rules of Evidence, Rule 408. See *United States v. King*, 623 Fed.Appx. 962, 966 (11th Cir. 2015).

uncommon for users of social media sites to have numerous followers. Having social media followers in and of itself does not establish fame or notoriety. Having many social media followers shows only that a person is known to that immediate subset of the social media platform's users. To that effect, there is little evidence that Defendant himself is a public figure, based solely on his social media engagement. Moreover, simply because Plaintiff counts celebrity figures among his clients, does not in turn make him a celebrity. See *Wilson*, *supra*, 7 Cal.5th at p. 902, citing *McGarry v. University of San Diego*, 154 Cal.App.4th 97, 110 (2007), holding that evidence of awards does not make a person one of notoriety.

In fact, Defendant's exhibits show that Plaintiff's Instagram profile, which has over 1 million followers, is really advertising for his work as a tattoo artist. See Dkt. No. 15-8, Exh. 12. The majority of the photos posted to the account show examples of tattoos that Plaintiff has given to clients, ostensibly to encourage Instagram users to employ Plaintiff to give them a tattoo.

Defendant also argues that Plaintiff's appearance on a reality show called "Best Ink" confers public figure status upon Plaintiff. But Defendant's exhibit shows that Plaintiff appeared on 8 episodes of the program 6 years ago. See Dkt. No. 15-8, Exh.17. Defendant presents no evidence that Plaintiff appeared

on the show for an extended period of time, had a major role, or that the program was widely viewed when it was on television half a decade ago. Simply put, Defendant fails establish that Plaintiff is a public figure.

Even assuming that Plaintiff is a public figure, a party's "celebrity status, on its own, is not sufficient to render anything the [party] says or does subject to anti-SLAPP protection." *Bernstein v. LaBeouf*, 43 Cal.App.5th, 15, 23 (2019). In this case, the complained of statements refer to alleged private statements and actions regarding Plaintiff's sexual preferences and proclivities. Assuming that Plaintiff is a public figure because he has many social media followers does not transmute his private sex life into an issue of public interest.

In order to succeed in his motion to strike, Defendant must make the threshold showing that Plaintiff's claim involves "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Code of Civil Procedure § 425.16.  Defendant's statements do not involve a public interest. The statements themselves are not reasonably related to any public interest. They seek only to harm Plaintiff's business prospects and increase engagement with Defendant's YouTube news channel. They are not protected by the anti-SLAPP statute. Therefore, this Court need not consider

whether Plaintiff would succeed on the merits of his claims. However, Defendant has also failed to prove that Plaintiff has failed to state a claim for relief.

### b. Even if Defendant's speech is protected, Defendant cannot show that Plaintiff has failed to state a claim for relief.

The parties agree that, ""[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood*, *supra*, 890 F.3d at p. 834. Here, Defendant explicitly stated that its claim was one of legal sufficiency alone. Dkt. No. 12 at p. 19. Where a defendant alleges only legal sufficiency "then the plaintiff can properly respond merely by showing sufficiency of pleadings." *Id.* at p. 834.

To satisfy the well-pleaded complaint rule, the pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). A complaint must state a "plausible claim for relief." *Ashcroft*, *supra*, 556 U.S. at p. 678.

When reviewing a motion to dismiss under Rule 12, the court merely looks at the sufficiency of the complaint. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). The court does not decide whether the plaintiff has a winning claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Defendant argues that his claim is one of legal sufficiency to state a claim, but Defendant attempts to litigate the merits of the case by stating that the statements in question are protected by the first amendment. Such arguments are inappropriate in this venue, as they involve a determination of whether Plaintiff's claim will ultimately succeed.

Defendant argues that Plaintiff's claims are barred by the First Amendment because the statements "are not 'provable as false.'" Dkt. No. 12 at p. 24, citing *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1016 (N.D. Cal. 2017). Defendant argues that the complained of comments are merely Defendant's opinion. Dkt. No. 12 at p. 25. This inquiry goes directly the merits of Plaintiff's claim and is inappropriate at this juncture.

Even if Defendant's argument was cognizable at this point, it fails. To determine whether a statement is one of fact, the court applies the following test:

> First, we look at the statement in its broad context, which includes the general tenor of the entire work, the subject of the statements, the setting, and the format of the work. Next we turn to the specific context and content of the statements, analyzing the extent of figurative or hyperbolic language used and the reasonable expectations of the audience in that particular situation. Finally, we inquire whether the statement itself is sufficiently factual to be susceptible of being proved true or false.

*Underwager v. Channel 9 Austl.*, 69 F.3d 361, 366 (9th Cir. 1995).

Looking to the context of the statements, Defendant's argument is contradicted by his own statements that "Keem operates a popular YouTube news channel;" and that the channel features reporting on news. Dkt. No. 12 at p. 12. Defendant's statements that Plaintiff is a "pedo" and that his business should suffer and he should be incarcerated are not of Defendant's opinion alone as they are advertised as news. Therefore, Defendant's audience would reasonably expect them and interpret them to be statements of fact, not opinion. Moreover, despite Defendant's argument to the contrary, whether Plaintiff is a "pedo" or pedophile, is capable of being proven as true or false. Pedophilia is a psychiatric disorder which is defined by Diagnostic and Statistical Manual of Mental Disorders (DSM-5). Whether a person is a "pedo" is certainly capable of being proven true of false. It is not an opinion.

---

Defendant also argues that Plaintiff has failed to state plausible claim for relief because he has not alleged "in a conclusory fashion that Keem's statements (or those of the girls) were (a) false; or (b) made by Keem with knowledge of their falsity or reckless disregard for their truth." Dkt. No. 12 at p. 27. Defendant is incorrect. In the complaint, Plaintiff specifically avers, "Defendant has a demonstrable history for making accusations, notably other accusations of pedophilia, which he is unable to substantiate, yet *recklessly and maliciously* continues to make such accusations." Dkt. No. 1 at p. 3. Plaintiff satisfies the pleading requirements.

Because, this Court must only consider whether Plaintiff has stated a plausible claim for relief, Defendant's motion must be denied.

### i. Defendant's claim that Plaintiff has failed to state a claim for tortious interference with prospective economic advantage must be rejected.

Defendant argues that Plaintiff fails to state a claim for tortious interference with prospective economic advantage because he has failed to show that Defendant "had knowledge and intent to interfere." Dkt. No. 12 at p. 29. Defendant relies on *Piping Rock Partners*, *supra*, 946 F.Supp.2d at 980. But in that case, the reason that the counterplaintiffs could not establish a claim for relief was because the counterdefendant had stated in a declaration

that the purpose of his statements was not to interfere with counterplaintiff's business interests, but to provide "increased transparency and more information for investors." *Id.* at p. 980. There is no such evidence here. Where Plaintiff specifically avers that "by their unjustified and unprivileged conduct, as alleged above, Defendant intended to disrupt Plaintiffs prospective economic advantage," Plaintiff has stated a valid, unrebutted claim for relief.

Additionally, Defendant's argument that Plaintiff's complaint fails to state a claim is disingenuous. Defendant argues that Plaintiff has failed to allege the existence of an "economic relationship with a third party." Dkt. No. 12 at p. 27. But in Defendant's exhibits, Defendant explicitly states on his news program that he is aware that Plaintiff has lost many clients. Dkt. No. 14-2, p. 8. Defendant also states, "Okay, that's how popular he was, but after the story came out with him trying to hook up with underage girls, his career is finished...nobody wants to get a tattoo from this guy for obvious reasons." Dkt. No. 14-2, p. 2. Where Defendant publicly admits that his statements has interfered with Plaintiff's prospective economic advantage, this Court should reject Defendant's argument that Plaintiff has failed to state a claim.

### ii. Defendant's unsupported claim that Plaintiff cannot establish the elements of interference with contractual relations must be rejected.

Defendant states that Plaintiff fails to state a claim for interference with contractual relations. Dkt. No. 12 at p. 29. However, Defendant does not state *why* he believes that Plaintiff fails to state a claim. He merely recites elements of the tort. Dkt. No. 12 at p. 29. Plaintiff satisfies the requirements of a well-pleaded complaint, where he states that "Defendant was aware of and had knowledge of Plaintiff's contractual relationships with promoters, agencies, and social media platforms, operating on local, national, and international stages" and that "Defendant intended to disrupt the contractual relationships between Plaintiff and such entities." Dkt No. 1 at p. 5. And as outlined above, Defendant has long known that his reporting has had a deleterious effect on Plaintiff's business and ability to retain his clientele. Dkt. No. 14-2, p. 8; Dkt. No. 14-2, p. 2.

Because Defendant makes a conclusory statement with no factual allegation, his argument that Plaintiff has failed to state a claim for interference with contractual relations fails.

---

## **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Strike.


___05/11/2020_____     _____
     (Dated)                                                                    (Signature)

By: RAOUL J. SEVERO, ESQ.

(Attorney for Plaintiff)

---