Raoul J. Severo, Esq. [S.B. #78104]
Joseph L. Ryan [S.B. #301375]
Severo, LLP
500 N. Central Ave, Suite 210
Glendale, CA 91203
(855) 216-3990
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT,<br><br>Defendant. | Case No.: 2:20-CV-02323-RGK-JPR<br><br>Hon. R. Gary Klausner<br><br>**Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.**<br><br>Date: July 6, 2020<br>Time: 9:00 a.m.<br>Dept: 850 |

**Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.**

---

Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.

1

**NOTICE OF MOTION TO THIS HONORABLE COURT, DEFENDANT AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on July 6, 2020 or as soon thereafter as counsel may be heard in Courtroom 850 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff Nicko "Romeo" Lacoste will and hereby does move this Court:  1) pursuant to Local Rule 7-18 and FRCivP Rule 54 , to reconsider Order Striking Plaintiff's Opposition to Special Motion to Strike Complaint, filed at Dkt. No. 27 or  2) to relieve plaintiff and his attorneys from default in failing to file Plaintiff's Opposition to Special Motion to Strike Complaint, filed at Dkt. No. 29, due to mistake, inadvertence, surprise or excusable neglect pursuant to FRCivP Rule 60. This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3, which occurred telephonically on June 1, 2020.

Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.

2

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

Statement of the Case ................................................................................ 1

    I. The Court Should Grant Plaintiff Relief from the Orders Striking the Opposition as Untimely Due to Counsel's Inadvertent Mistake .......... 2

CONCLUSION ............................................................................................ 5

Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.

i

# TABLE OF AUTHORITIES

Federal cases                                                                                           page no.

*Am. Canoe Ass'n. v. Murphy Farms, Inc.*, 325 F.3d 505 (4th Cir. 2003) ..... 3

*City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882 (2001) ................... 3

Statutes                                                                                                 page no.

California Code of Civil Procedure § 425.16 ................................................. 1

Federal Rule of Civil Procedure 54 ................................................................ 2

Federal Rule of Civil Procedure 60 ................................................................ 3

Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.

ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## Statement of the Case

On March 10, 2020, Plaintiff, NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO, filed a complaint for damages alleging tortious interference with contractual relations and interference with prospective economic advantage against Defendant, DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT. Defendant did not file an answer, but on May 1, 2020, filed a motion to strike the complaint pursuant to California Code of Civil Procedure § 425.16, California's anti-SLAPP statute.

On May 11, 2020, counsel for Plaintiff filed a response to the motion, but on May 12, the Court struck Plaintiff's filing because it was not titled "Opposition" and there were two block quotes which were single spaced. (Dkt. No. 25.) The Court ordered that Plaintiff refile the opposition by noon on May 13. (Dkt. No. 25.) On May 14, 2020, Counsel for Plaintiff refiled the Opposition. (Dkt. No. 26.) However, on May 15, the Court again struck the Opposition because it had been filed after noon on May 13. (Dkt. No. 27.)

On May 18, counsel refiled the opposition along with a declaration. (Dkt. Nos. 28-29.) In the declaration, counsel noted that he had moved offices

---

Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.

1

between May 8th and 11th, and had new internet installed on May 11th. Counsel declared that due to an outage caused by AT&T's network after the internet had been installed, the firm's emails were not updated. Accordingly, counsel did not become aware of the court's order requiring that the corrected Opposition be filed before noon on May 13, 2020. (Dkt. No. 28.)

Counsel requested that the court excuse the late filing, and allow for Counsel to file the Opposition late. (Dkt. No. 28.) On May 21, 2020, the court again struck the Opposition, stating "The Court does not find good cause to permit the late filing of Plaintiff's Opposition to the Special Motion to Strike the Complaint." (Dkt. No. 30.)

## I.   The Court Should Grant Plaintiff Relief from the Orders Striking the Opposition as Untimely Due to Counsel's Inadvertent Mistake.

Federal Rule of Civil Procedure, Rule 54(b), states, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Under Rule 54(b) a District Court retains the power to reconsider or

---

Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.

2

modify its nonfinal judgments at any time prior to a final judgment. *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (2001); *Am. Canoe Ass'n. v. Murphy Farms, Inc.*, 325 F.3d 505, 514. (4th Cir. 2003).

Federal Rule of Civil Procedure, Rule 60(b), states, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…"

In this case, due to counsel's mistake, the Opposition to Defendant's Motion to Strike was filed late. The Opposition filed on May 11 contained minor errors – it was titled "Response" to the Defendant's motion, and it contained block quotes which violated the local rule against single spacing in a party's briefs. The Court ordered that the error be corrected by noon the next day. The order was not made in any court hearing, but was electronically filed to the docket and served on counsel via email. However, as counsel noted in his declaration, counsel was unaware of the order until *after* the time to file the brief had passed.

As counsel states in his declaration, the failure to timely file the response arose out of an unexpected e-mail server error. As noted in trial counsel's

---

Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.

3

declaration, it was not that trial counsel did not check his email, or that he checked his email and failed to note the court's order. Rather, counsel did not receive the email until after noon on May 13 because AT&T's network committed an error which meant that the email accounts for counsel's office were not updated.

The failure to timely file the opposition was entirely inadvertent. Trial counsel committed no act or omission leading to the late filing. The late filing was the result of the failure of counsel's internet service provider to recognize his network, and to update his entire office's email accounts. Nothing that counsel could have done could have prevented the mistake.

The late filing caused no prejudice to the Court or to the Defendant. The original Opposition was stricken for technical reasons, totally unrelated to the substance of Plaintiff's argument. The late-filed Opposition only corrected the minor discrepancies – it re-titled the brief from an "Response" to an "Opposition" and corrected two instances where block quotes were double spaced in violation of the local rules. The substance of the motion was unchanged between the motion filed on May 11, 2020 and the late-filed

---

Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.

4

motion. Therefore, Defendant was not prejudiced by the fact that the corrected motion was filed late.

Plaintiff presents compelling reasons for this Court to reconsider its order striking the opposition: that the late filing was inadvertent, through no fault of counsel and that Defendant suffered no prejudice from the late filing. New, good cause exists for this Court to reconsider and vacate its prior order.

Additionally, it is well settled that the policy of the law is that cases should be heard on the merits rather than being stricken for curable, technical defects or even counsel's inadvertence.

While the court unquestionably has the power to sanction attorneys for causing delays or failure to observe the court's rules, a review of the cases in which sanctions have been imposed, as to both monetary and non-monetary sanctions, reveals that the conduct of counsel has been malicious, brazen, oppressive and bordering on a fraud upon the court.

None of these elements are present in the case at bar. Unfortunately, errors were made due to technical failures and there was a delay in filing a corrected opposition by the deadline set by the court, but none of these mistakes or failures should be elevated to the level of constituting sanctionable

---

Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.

5

conduct by counsel for Plaintiff in derogation of Plaintiff's right to have the matter heard on the merits.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court reconsider its May 21, 2020 order striking the Opposition to Motion to Strike Complaint, and find that there was sufficient good cause for the tardy filing of the Opposition in this case.

Dated:  May 29, 2020                                SEVERO, PLC


                                                    By:_S/ *Raoul J. Severo*_____
                                                         Attorney for Plaintiff
                                                         NICKO ROMEO LACOSTE

---

Notice of Motion and Motion for Reconsideration of Order Striking Plaintiff's Opposition to Defendant's Special Motion to Strike Complaint and/or Motion for Relief from Default Due to Mistake, Inadvertence, or Excusable Neglect Pursuant to FRCivP., Rule 60.

6