BROWNE GEORGE ROSS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Kim S. Zeldin (State Bar No. 135780)
  kzeldin@bgrfirm.com
Eric A. Westlund (State Bar No. 293403)
  ewestlund@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
DANIEL "KEEMSTAR" KEEM, dba
DRAMAALERT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT,<br><br>Defendant. | Case No. 2:20-CV-02323-RGK-JPR<br><br>The Hon. R. Gary Klausner<br><br>**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF JOSEPH L. RYAN**<br><br>Date:<br><br>Motion Was Taken Off The Motion Calendar And Taken Under Submission Per Docket Entry Number 31<br><br>Trial Date: None Set |

1  Defendant Daniel "Keemstar" Keem, Dba Dramaalert ("Defendant") objects
2  to Declaration of Joseph L. Ryan ("Ryan Declaration") (Dkt. 23) filed in support of
3  Plaintiff Nicko Lacoste's Opposition to Defendant's Special Motion to Strike
4  Complaint (CCP Section 425.16) (Dkt. 29).

5  1.  Defendant objects to the declaration on the grounds that it lacks a
6  proper foundation.  Mr. Ryan purports to represent Mr. Lacoste and to be "co-
7  counsel" with Mr. Severo in this action.  However, the California State Bar does not
8  associate Mr. Ryan with Mr. Severo's law firm, Severo, LLP, which is the only
9  counsel of record for Plaintiff in this action.  Mr. Ryan's address, phone number and
10 email is not the same as Mr. Severo's.  It is listed as PO Box 26842, Los Angeles,
11 CA 90026-0842.  His phone number is listed as 818-824-6585 and his email is listed
12 as josephryanlegal@gmail.com.  Mr. Ryan did not associate as counsel of record in
13 this action, nor did he make an appearance.

14 2.  Defendant also objects to the two short substantive paragraphs of the
15 Ryan Declaration.  Paragraph 2 states:  "I have reviewed the documents related to
16 this case, including Defendant's Motion to Strike and its attendant exhibits."
17 Paragraph 3 states:  "Based on information and belief, the information in Plaintiff's
18 Response to Motion to Strike Complaint is true and correct."

19 3.  Defendant objects to paragraph 3 following grounds:

20 a.  Paragraph 3 is vague and ambiguous.  It is unclear what "information"
21 in Plaintiff's 18 page "Response to Motion to Strike Complaint" (now titled Plaintiff
22 Nicko Lacoste's Opposition to Defendant's Special Motion to Strike Complaint
23 (Dkt. 29)) Mr. Ryan is referring to.

24 b.  Paragraph 3 lacks foundation.  Fed. R. Evid. 901(a) ("To satisfy the
25 requirement of authenticating or identifying an item of evidence, the proponent must
26 produce evidence sufficient to support a finding that the item is what the proponent
27 claims it is.").  Federal Rule of Evidence 901(b) provides examples of evidence
28 sufficient to provide proper foundation, including testimony of a witness with

1  knowledge.  Paragraph 3 contains no evidence -- based on personal knowledge or
2  any other kind -- sufficient to establish foundation for its admissibility.

3      c.   Paragraph 3 is not based on personal knowledge (but only on
4  information and belief).  Fed. R. Evid. 602; Fed .R. Civ. Pro. 56(c)(4); *see also Bank*
5  *Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations of counsel
6  based on information and belief and not personal knowledge entitled to no weight);
7  *Lambert v. Tech. Res. Sols., Inc.*, No. LACV 18-1114-VAP (RAOx), 2018 WL
8  5919211, at *7 (C.D. Cal. Aug. 22, 2018) (declaration made on information and
9  believe, and not personal knowledge, insufficient to establish fact of residency in
10 context of venue transfer motion).

11     d.   The Response does not contain any factual matter that would be
12 admissible in evidence.  The document contains legal propositions and references to
13 pleadings filed in the action, but does not contain references to factual matters.
14 Local Rule 7-7 (declarations submitted in support of any motion or opposition to
15 motions "shall contain only factual, evidentiary matter and shall conform as far as
16 possible to the requirements of F.R.Civ.P. 56(c)(4)"); Rule 56(c)(4) ("An affidavit
17 or declaration used to support or oppose a motion must be made on personal
18 knowledge, set out facts that would be admissible in evidence, and show that the
19 affiant or declarant is competent to testify on the matters stated."): Fed. R. Evid. 602
20 ("A witness may testify to a matter only if evidence is introduced sufficient to
21 support a finding that the witness has personal knowledge of the matter.").

22 DATED:  June 12, 2020          BROWNE GEORGE ROSS LLP

                                  By:    */Kim S. Zeldin*
                                         Kim S. Zeldin
                                  Attorneys for Defendant DANIEL
                                  "KEEMSTAR" KEEM, dba DRAMAALERT