Raoul J. Severo, Esq. [S.B. #78104]
Joseph L. Ryan [S.B. #301375]
SEVERO PLC
500 N. Central Ave, Suite 210
Glendale, CA 91203
(855) 216-3990
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT, <br><br> Defendant. | Case No.:  2:20-CV-02323-RGK-JPR <br> Hon. R. Gary Klausner <br><br> PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY; SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE COMPLAINT; MEMORANDUM POINTS AND AUTHORITIES |

**PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE**

**SUR-REPLY; SUR-REPLY TO DEFENDANT'S REPLY;**

**MEMORANDUM POINTS AND AUTHORITIES**

The Plaintiff in the above-captioned case, through counsel, respectfully moves for leave to submit the attached Sur-Reply in response to new arguments made and cases cited by Defendant in Defendant's Reply in Support of Motion to Strike Complaint Pursuant to CCP § 425.16. Plaintiff brings this motion pursuant to Local Rule 7-10.

Local Rule 7-10 holds, "Absent prior written order of the Court, the opposing party shall not file a response to the reply." The court retains the discretion to allow a party to file a SUR-REPLY. *Franklin v. FCA US, LLC*, 2020 U.S. Dist. LEXIS 94604, at p. 4-5 (C.D. Cal. 2020). However, a SUR-REPLY is appropriate only where a "valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 U.S. Dist. LEXIS 29357 at p. 1 (E.D. Cal. 2005). "If a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond." *Banga v. First U.S.A., N.A.*, 29 F.Supp.3d 1270, 1276 (N.D. Cal. 2014), citing *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1040-1041 (9th Cir. 2003) and *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Plaintiff's Ex Parte Application for Leave to File Sur-Reply; Sur-Reply to Defendant's Reply in Support of Motion to Strike Complaint; Memorandum Points and Authorities

ii

Defendant cites to two cases in the reply brief that were not cited in the original motion to strike. The first case is the California case of *Grenier v. Taylor*, 234 Cal.App.4th 471 (2015). Dkt. No. 38 at p. 9-10. Defendant urges this Court to use the *Grenier* case to reject Plaintiff's claim that Plaintiff's speech is not protected because it has improperly transformed a matter of private interest into a matter of public interest. Neither this case, nor this argument was raised in the original motion.

The second new case cited by Defendant is *Cummins v. Lollar*, No. CV-11-8081-DMG, 2012 WL 12885117, (C.D. Cal. Nov. 16, 2012). Dkt. No. 38 at p. 12-13. Defendant cites to *Cummins* to claim that his defamatory statements were "merely expressions of subjective judgments." Once again, this case and argument was not presented in the original motion.

Additionally, Defendant makes arguments relying on the case *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F.Supp.3d 1005 (N.D. Cal. 2017), which was cited for other propositions in the original motion. In the reply, Defendant cites to *Resolute Forest* for the proposition that it is "undisputed" that Plaintiff is a limited public figure. Defendant cites to a portion of *Resolute* discussing the three part test to determine whether a party is a "limited public

figure." Defendant did not cite to *Resolute* for this purpose in the original motion. Plaintiff's status as a public figure or otherwise is an important question in the present inquiry. Accordingly, Plaintiff should be afforded the opportunity to address this new argument.

Finally, Defendant cites to an article called "Little red riding hood in the social forest. Online grooming as a public health issue: a narrative review," an Italian scholarly journal article. Dkt. No. 38 at p. 8. This Italian article is not cited in the original motion, and Plaintiff seeks to briefly address the presence of this new evidence in the reply brief.

Plaintiff has attached a SUR-REPLY which addresses only the new arguments raised and cases cited by Defendant. Plaintiff's SUR-REPLY does not raise any new arguments.

For these reasons, counsel for Plaintiff respectfully requests leave to file the attached SUR-REPLY to address new authorities, arguments and evidence.

SEVERO PLC


  06/17/2020                     By:  s/ Raoul J. Severo
                                    Attorneys for Plaintiff
                                    Nicko Lacoste

---

Plaintiff's Ex Parte Application for Leave to File Sur-Reply; Sur-Reply to Defendant's Reply in Support of Motion to Strike Complaint; Memorandum Points and Authorities

iv

# EXHIBIT - A

Raoul J. Severo, Esq. [S.B. #78104]
Joseph L. Ryan [S.B. #301375]
Severo PLC
500 N. Central Ave, Suite 210
Glendale, CA 91203
(855) 216-3990
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO, | Case No.:  2:20-CV-02323-RGK-JPR |
| | Hon. R. Gary Klausner |
| Plaintiff, | |
| vs. | SURREPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE COMPLAINT |
| DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT, | Date: July 9, 2020 |
| | Time: 9:00 a.m. |
| Defendant. | Dept: 850 |

**SURREPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE COMPLAINT**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...........................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 1

    I. Defendant cannot show that the controversy in question here is one of public interest ............................................................................................. 1

    II. Defendant fails to prove that statements of fact made on his news program are a matter of opinion ..........................................................3

    III. Defendant fails to show that Plaintiff is a public figure .................4

    IV. This Court should not rely on Defendant's citation to an Italian journal article to determine whether this specific controversy involves the public interest ........................................................................................ 7

CONCLUSION ..........................................................................................8

# TABLE OF AUTHORITIES

Federal cases                                                                  page no.

*Cummins v. Lollar*, No. CV-11-8081-DMG, 2012 WL 12885117, (C.D. Cal. Nov. 16, 2012) ...................................................................................... 3, 4

*Peterson v. Gannett Co.* 2020 U.S. Dist. LEXIS 70720, at p. 14-16 (AZ Dist. April 22, 2020) ......................................................................... 7

*Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005 (N.D. Cal. 2017) ........................................................................ 4, 5, 6, 7


State cases                                                                    page no.

*Grenier v. Taylor*, 234 Cal.App.4th 471 (2015)...................................1, 2, 3

*Terry v. Davis Cmty. Church*, 131 Cal. App. 4th 1534 (2005)......................3

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.**    <u>**Defendant cannot show that the controversy in question here is one of public interest.**</u>

In the reply brief, Defendant addresses Plaintiff's claim that Defendant has improperly attempted to transform a matter of private interest into a matter of public interest by broadcasting the allegations against Plaintiff on his YouTube news channel. Defendant presents a new argument and cites to *Grenier v. Taylor*, 234 Cal.App.4th 471 (2015) and argues that *Grenier* rejected a claim analogous to Plaintiff's. Defendant is incorrect.

The facts of *Grenier* are distinguishable. There, the defendants made postings on the internet alleging that the plaintiff – the pastor at a church – had committed acts child molestation and abuse and had stolen donation money from the church. *Grenier*, *supra*, 234 Cal.App.4th at p. 477-479. The statements were posted to an internet forum and a website the defendant created to write about experiences with the plaintiff and the "Church and the Calvary Chapel organization." *Id*. at p. 477. The court found that the statements were in the interest of "the community made up of the Church's members," and were protected by the Anti-SLAPP statute. The court noted that "church members donate money to the church," and the allegations of theft were of

"concern to the membership." *Id*. at p. 483. The court also concluded, "as pastor of the Church, Bob is the members' spiritual and moral leader. As such, allegations regarding Bob's character and fitness to serve as a pastor are of interest to the membership." *Id*.

This case is factually distinguishable. First, there is no specific community to which these allegations would be of interest. Defendant argues that this matter concerns "members of the tattoo community," but fails to elucidate who is a member of said community. A person who has a tattoo? Or knows someone with a tattoo? A tattoo artist? A person who admires the tattoos of others? A person who follows a tattoo artist on Instagram? This undefined community differs starkly from concrete members of the plaintiff's church in *Grenier*.

Second, *Grenier* involved statements concerning the misuse of funds donated to the church by the church's members. How their money was being spent was certainly of interest to the church community at large. It is unclear as to how allegations of sexual misconduct against Plaintiff would be of interest to any person in a similar manner.

Finally, there is a meaningful difference between allegations of sexual misconduct made against a tattoo artist and the same allegations made against

the pastor of a church. As the *Grenier* court noted, whether the "spiritual leader" of the church was morally fit to serve as pastor would have been of great interest to members of the church. The alleged misconduct of a tattoo artist is clearly distinguishable. A tattoo artist does not put himself forward beacon of moral guidance. A tattoo artist is not trusted with one's religious or spiritual beliefs and practices. Like Defendant's reliance on *Terry v. Davis Cmty. Church*, 131 Cal. App. 4th 1534 (2005), the comparison of a tattoo artist to a church leader must be rejected.

## II.   Defendant fails to prove that statements of fact made on his news program are a matter of opinion.

Defendant also relies on a new case, *Cummins v. Lollar*, No. CV-11-8081-DMG, 2012 WL 12885117, (C.D. Cal. Nov. 16, 2012) when he argues that his defamatory statements are "merely expressions of subjective judgments." Dkt No. 38 at p. 12-13. However, Defendant's new argument misstates the court's holding in *Cummins*.

There, in granting a motion for summary judgment, the court addressed whether the following terms were statements of opinion: "cyberstalker," "crackpot," "psycho" and "crackpot stalker." *Id.* at p. 6. The court did not explicitly rule on whether the statement that the plaintiff was "a cyberstalker

---

who should be in jail for her crimes" was a statement of opinion. Rather, the court found that particular statement was not actionable because the plaintiff had no proof that the defendant authored it. *Id.* at p. 7-8. Defendant's citation to *Cummins* is therefore misleading.

Moreover, the statements that the court *did* find to constitute an opinion differ contextually from the statements made by Defendant in this case. Here, Defendant operates a YouTube that he claims is a "news" channel. The order cited by Defendant makes no reference to the Defendant in that case billing herself as a "news" source. Therefore, in addition to the fact that Defendant's citation to *Cummins* is misleading, it is also inapt. Because Defendant markets himself as a source of news – not opinion – his argument that his statements of fact are unconvincing. Therefore, Defendant has failed to show that his statements were "merely expressions of subjective judgments" and comparisons to *Cummins* should be rejected.

### III.   Defendant fails to show that Plaintiff is a public figure.

In defense of his specious claim that it is "undisputed" that Plaintiff is a limited public figure, Defendant cites to *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F.Supp.3d 1005 (N.D. Cal. 2017). Dkt. No. 38 at p. 11.

---

In *Resolute*, the Court discussed three factors relevant to whether one is a limited public figure: (i) whether a public controversy existed when the statements were made, (ii) whether the alleged defamation is related to the plaintiff's participation in the controversy, and (iii) whether the plaintiff voluntarily injected itself into the controversy for the purpose of influencing the controversy's ultimate resolution." *Id.* at p. 1017. Defendant cites to a portion of *Resolute* wherein the court addressed that final prong, finding that the Plaintiff had "injected itself into the controversy for the purpose of influencing the controversy's ultimate resolution." *Id.* The court noted the following factual claims related to the Plaintiff: "Resolute's own allegations about their world-wide reach and influence, as well as the public nature of its work in forestry and sustainability, show that the company is a limited public figure for purposes of its participation in the forestry industry, including in the Boreal forest. … Resolute claims that it is 'the largest producer of newsprint in the world,' and is 'regularly recognized as an industry leader in sustainable forestry, environmental, and safety," receiving "over twenty . . . awards . . . and distinctions for its sustainability.' … Resolute also explains that it 'works with local and provincial governments to support continued economic development.'" *Id.* at p. 1017.

---

Sur-Reply to Defendant's Reply in Support of Motion to Strike Complaint

5

This is different from the situation presented in this case. First, Plaintiff has not "voluntarily injected himself" into any controversy. Rather, posts alleging sexual misconduct were made on the Internet. Plaintiff made no effort to involve himself in any public debate concerning inappropriate contact with minors. His involvement in the controversy is not voluntary. Second, Plaintiff has not engaged in the same level of self-aggrandizement as Resolute, who purported to be an "industry leader." Rather, Plaintiff has shown only that he has a large social media following.[1] Third, even if this court concludes that Plaintiff has claimed to be famous in the amorphous "tattoo community" described by Defendant, the protected speech in *Resolute* directly addressed the foresting industry – the very industry in which the plaintiff had marketed itself. This is different from Plaintiff's case where the allegations of sexual misconduct do not directly relate to Plaintiff's practice as a tattoo artist. Rather, Defendant has made defamatory claims related to Plaintiff's personal life which have no relation to whatever notoriety Plaintiff may have.

Other cases in the wake of *Resolute* have also found that a party is a limited public figure when the party voluntarily injects himself into a

---

[1] The parties disagree as to whether the unsupported, conclusory statement made in a cease and desist letter constitutes an admission of public figure status for the purpose of the Anti-SLAPP statute.

controversy and the challenged statements deal directly with the party's business interest. See *Peterson v. Gannett Co.* 2020 U.S. Dist. LEXIS 70720, at p. 14-16 (AZ Dist. April 22, 2020), finding that a plaintiff who described himself as a "well-known technology entrepreneur" who engaged in "high profile business dealings," was a limited public figure when he alleged defamation related to statements that he had defrauded investors.

It cannot be said that Plaintiff is a limited public figure. He made no effort to "voluntarily inject himself" into any controversy involving inappropriate conduct with minors. Defendant's defamatory statements do not address any area where Plaintiff could possibly be considered a limited public figure. Therefore, Defendant's reliance on *Resolute* inures to Plaintiff's benefit and this Court should find that Plaintiff is not a public figure.

## IV.   This Court should not rely on Defendant's citation to an Italian article to determine whether this specific controversy involves the public interest.

Defendant concludes his argument that the allegations made against Plaintiff involve the public interest by citing to an article titled "Little red riding hood in the social forest. Online grooming as a public health issue: a narrative review." Dkt. No. 38 at p. 8. There are several issues with Defendant's reliance on this article. First, the article, which analyzes other articles from numerous

other countries is totally irrelevant to whether the allegations against Plaintiff are a matter of public interest. Second, even if the article were relevant, there is no basis for this Court to consider the article in this matter. The article comes from an Italian website. The article does not provide any information about where the article was published. Portions of the article appear to be in Italian, as do some of the "references" listed in the article. The Italian journal article contains no legal authority and does not represent any legal authority. Respondent's assertion that this article somehow proves that the allegations against Plaintiff constitute a public interest is unreasonable.

### **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Strike.

SEVERO PLC


  06/17/2020                       By: s/ Raoul J. Severo
                                        Attorneys for Plaintiff
                                        Nicko Lacoste

---

Sur-Reply to Defendant's Reply in Support of Motion to Strike Complaint
8