BROWNE GEORGE ROSS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Kim S. Zeldin (State Bar No. 135780)
  kzeldin@bgrfirm.com
Eric A. Westlund (State Bar No. 293403)
  ewestlund@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
DANIEL "KEEMSTAR" KEEM, dba
DRAMAALERT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO,<br><br>              Plaintiff,<br><br>       vs.<br><br>DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT,<br><br>              Defendant. | Case No. 2:20-CV-02323-RGK-JPR<br><br>Hon. R. Gary Klausner<br><br>**DEFENDANT'S OPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY** |

1  Plaintiff Nicko "Romeo" Lacoste's ("Romeo") Ex Parte Application for Leave
2  to File Sur-Reply; Sur-Reply to Defendant's Reply in Support of Motion to Strike
3  Complaint; Memorandum of Points and Authorities (Dkt. 41) ("Application")[1] is
4  nothing more than an attempt by Romeo to have the "last word." The Application
5  should be denied because Defendant Daniel Keem's ("Keem") Reply in Support of
6  the Motion to Strike Complaint Pursuant to C.C.P. Section 425.16 ("Reply") (Dkt. 38)
7  did not raise any new arguments. Plaintiff apparently believes a reply memorandum
8  may not cite to any case that has not been cited in the initial moving papers; of course,
9  this is not the law. New case law references introduced in a reply, which merely
10 expound on issues already presented through defendant's opening motion, do not
11 justify a sur-reply. Further, citation of new case law in a reply that responds to
12 arguments made in plaintiff's opposition does not constitute "new" argument
13 warranting a sur-reply.

14  Sur-replies[2] "are highly disfavored, as they usually are a strategic effort by the
15 nonmoving party to have the last word on a matter." *Sims v. Paramount Gold &*

---

[1] The Application does not comply with the United States District Court for the Central District of California Local Rules 7-19 and 7-20. That is, the Application does not state that plaintiff's counsel contacted defense counsel prior to filing the Application (and in fact no contact was made) or whether Defendant opposes the Application; and, a proposed order was not submitted. The Application also violates the Court's Standing Order Regarding Newly Assigned Cases (Dkt. 7), in that it fails to notify Defendant of the time to file any opposition and fails to cite any reason why "extraordinary relief" requiring an ex parte application is necessary, as required by paragraph 11 of the Order.

[2] By filing his Sur-Reply and Ex Parte Application To File Sur-Reply as one document, Romeo has improperly filed the Sur-Reply without first obtaining leave from the Court to do so. *See Spina v. Maricopa County Dep't. of Transp.*, No CV 05-0712-PHX-SMM, 2009 WL 890997, at *1 (D. Ariz. Apr. 1, 2009) ("By filing its Surreply and Motion to File Surreply as one document, Plaintiff has essentially filed a Surreply without first obtaining leave of this Court to do so. Plaintiff's Surreply was, therefore, improper.").

*Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010) (quoting *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 690 n.4 (S.D. Tex. 2006)); *see also Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) ("The Court generally views motions for leave to file a surreply with disfavor.").

When a "reply does not present new arguments nor new evidence," a sur-reply is improper and a court should not grant leave to file one. *Jordan v. Terhune*, No. CIV S-03-1820 LKK KJM P, 2009 WL 276764, *3 (E.D. Cal. Feb. 5, 2009) ("Defendants' reply does not present new arguments nor new evidence; they simply note the problems with plaintiff's evidentiary support.  The surreply is improper."). *See also, e.g.*, *Banga v. First U.S.A., N.A.*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (cited by Romeo) (denying motion for leave to file a sur-reply where defendant "did not raise a new legal argument or present new evidence in its reply brief"); *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (cited by Romeo) (court struck sur-reply where it was apparent that plaintiff was "merely posing the same or additional arguments in opposition to the motion to dismiss").[3]

Romeo argues that the sur-reply is necessary to address two cases and an article cited in the Reply that were not previously cited in the Motion to Strike, and a case cited in the Motion to Strike but for allegedly a different proposition.  Romeo mistakenly contends that the mere citation of case law not referenced in the opening motion precludes its citation in a reply brief and warrants the filing of a sur-reply.  That is not the law.  "[C]iting new cases to support legal theories already raised in

---

[3] Leave to file a sur-reply is only granted in extraordinary circumstances.  For example, in *Franklin v. FCA US, LLC*, EDCV 20-343-MWF (SPx), 2020 WL 2787624, at * 2 (C.D. Cal. May 29, 2020), relied upon by Romeo, when the reply brief raised plaintiff's settlement offer for the first time and the reply "did not discuss the Offer completely" -- and when the opposition was filed the plaintiff had yet to reject the offer -- the court allowed the filing of a sur-reply.

a . . . motion is permissible and does not warrant a surreply." *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, No. 16-cv-0808 KG-SMV, 2020 WL 1033172, at *1 (D.N.M. Mar. 3, 2020) (citations omitted). *See also, e.g.*, *Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 890 (S.D. Ohio 2016) ("Simply citing new 'case law does not amount to the raising of new arguments.'") (citation omitted); *Karpenski v. Am. Gen. Life Companies, LLC*, 999 F. Supp. 2d 1218, 1227 (W.D. Wash. 2014) (court denied motion to strike new case law referenced by defendant upon reply for the first time on reply because plaintiff failed to demonstrate the citations raised new issues rather than expound on those already presented through defendant's opening motion). Further, new legal authorities cited in a reply that are referenced in direct response to arguments made in the opposition are not "new" and do not warrant a sur-reply. *See Heil Co. v. Curotto Can Co.*, 04–1590 MMC, 2004 WL 2600134, at *1 n.1 (N.D. Cal. Nov. 16, 2004) (denying request to file sur-reply where reply memorandum merely responded to legal arguments in opposition). *See also, e.g.*, *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 559 n.87 (C.D. Cal. 2014) ("Evidence submitted in direct response to evidence raised in opposition . . . is not 'new.'") (citations omitted); *Edwards v. Toys 'R' US*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) ("Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion.") (citation omitted);

As discussed below, each of the authorities Romeo objects to merely expound upon arguments Keem made in the Motion to Strike and respond to legal arguments made by Romeo in his Opposition. As such, a sur-reply is not warranted.

### 1. *Grenier v. Taylor*, 234 Cal. App. 4th 471 (2015)

Keem's citation to, and discussion of, *Grenier* in the Reply expounds upon the argument made by Keem in the Motion to Strike that the YouTube videos were made in connection with an issue of public importance and that it is of no moment that the statements concern conduct between private individuals. *See* Dkt. 12 at p. 22 and n.6 (Motion to Strike at p. 12 and n.6).

Moreover, as Romeo admits, Keem cited *Grenier* in response to an argument Romeo made in his Opposition: "Defendant urges this Court ***to use the Grenier case to reject Plaintiff's claim*** that Plaintiff's speech is not protected because it has improperly transformed a matter of private interest into a matter of public interest." Dkt. 41 at p. 3:6-9 (Application at p. iii, lines 6-9) (emphasis added). The Reply responded to Romeo's claim that Keem "convert[ed]" "private information" about his "sex life" and "sexual proclivities" into a "public interest by discussing it on his YouTube news channel." Dkt. 22 at p. 10:19-22 (Opposition at p. 5:19-22).[4] In the Reply, Keem cited *Grenier* because that court had considered and rejected the precise argument Romeo made in his Opposition in an analogous context. *Grenier*, 234 Cal. App. 4th at 480-83. Dkt. 38 at pp. 9:18-10:19 (Reply at pp. 5:18-6:19) ("Plaintiff's argument has been soundly rejected in an analogous context by *Grenier*, 234 Cal. App. 4th at 480-83.").

**2.   *Cummins v. Lollar*, No. CV 11-8081-DMG (MANx), 2012 WL 12885117 (C.D. Cal. Nov. 16, 2012)**

Keem cited *Cummins*, 2012 WL 12885117, at *3 in his Reply (Dkt. 38 at pp. 12:22-13:3, Reply at pp. 8:22-9:3) to expound upon the argument made in his Motion to Strike that the allegedly defamatory statements regarding the impact of the girls' accusations on Romeo's career were opinions and not facts (such as Romeo "belongs in a cage"). Dkt. 12 at p. 26:1-12 (Motion to Strike at p. 16:1-12).

Moreover, *Cummins* is cited in the Reply in response to Romeo's Opposition argument that statements such as Romeo "belongs in a cage" were statements of fact and not opinion. Dkt. 22 at p. 19:13-19 (Opposition at p. 14:13-19). The citation to *Cummins* in the Reply therefore does not justify the filing of a sur-reply.

---

[4] The Opposition was filed at least twice. Docket 22 was the version originally filed. Docket 29 corrects the title of the document and the non-compliance with the Local Rules regarding double-spacing.

**3. G. Forni et al.,** *Little red riding hood in the social forest. Online grooming as a public health issue: a narrative review* **(2020)**

Keem cited G. Forni et al., *Little red riding hood in the social forest. Online grooming as a public health issue: a narrative review* (2020) in support of the argument made in the Motion to Strike that Romeo's claims arise from protected activity and specifically that the YouTube videos were made in connection with an issue of public importance and part of the an ongoing public debate regarding those issues. Dkt. 12 at pp. 20:14-23:22 (Motion to Strike at pp. 10:14-13:22). The article, which was based on a review of 42 scholarly articles dating from 2014 through 2019, is cited along with relevant case law to support the argument made in the Motion to Strike, that the subject of inappropriate internet sexual communications by adults to children is part of a current public debate.

This article was also cited to rebut Romeo's argument that inappropriate internet sexual communications (including the transmission of pornography) by adults, and in particular by famous adults, are not matters that contribute to the public debate. Dkt. 22 at p. 11:6-10 (Opposition at p. 6:6-10) ("The purpose of the statements at issue here are not to contribute in any meaningful way to a public debate . . . .").

**4.** *Resolute Forest Products, Inc. v. Greenpeace International***, 302 F. Supp. 3d 1005 (N.D. Cal. 2017)**

Finally, Romeo objects to one of Keem's three citations to *Resolute Forest Products, Inc. v. Greenpeace International*, 302 F. Supp. 3d 1005 (N.D. Cal. 2017), in the Reply.[5] Romeo claims that Keem relies on the case to support the argument that it

---

[5] Keem cited *Resolute* for two other points in the Reply. See Dkt. 38 at p. 11:1-5 and p. 12:1-9 (Reply at p. 7:1-5 and p. 8:1-9). The proposed Sur-Reply cites only that located on page 11 of Docket Number 38 and discusses the limited public figure point.

is "undisputed" that Romeo is a limited public figure, relying on the three part test to determine if a party is a "limited public figure." Dkt. 41 at pp. 3:18-4:6 (Application at p. iii, line 18 through p. iv, line 6).[6] Romeo argues in the Application: "Plaintiff's status as a public figure or otherwise is an important question in the present inquiry. Accordingly, Plaintiff should be afforded the opportunity to address this new argument." Dkt. 41 at p. 4:3-6 (Application at p. iv, lines 3-6).

Yet, Keem argued that Romeo was a limited public figure in the Motion to Strike and relied upon *Resolute* to support that contention. Dkt. 12 at p. 26:19-25 [(Motion to Strike at p. 16:19-25) ("Here, Romeo is a limited public figure because a public controversy existed when the statements were made (i.e., Yellowchairr and Ultrahoney1's Twitter messages were already public), the alleged defamation is related to Romeo's participation in the controversy, and Romeo voluntarily injected himself into the controversy when he asked to be (and was) interviewed by Keem for the purpose of influencing the controversy's ultimate resolution. *See Resolute Forest Products*, 302 F. Supp. 3d at 1017.")].

Moreover, Romeo addressed the issue of whether he was a limited public figure in his Opposition. Dkt. 22 at pp. 13:10-17:5 (Opposition at pp. 8:10-12:5). The Reply was merely a response to the Opposition's argument on that subject. A sur-reply is therefore unwarranted.

For the reasons set forth above, Keem requests that the Court deny Romeo's

---

[6] In fact, what Keem argued in his Reply was: "It is undisputed based on the Complaint and matters that are subject to judicial notice that Plaintiff is a limited public figure. *See, e.g., Resolute Forest*, 302 F. Supp. 3d at 1017 ("[Plaintiff's] own allegations about their world-wide reach and influence, as well as the public nature of its work in forestry and sustainability, show that the company is a limited public figure for purposes of its participation in the forestry industry . . . ."). Dkt. 38 at p. 11:9-13 (Reply at p. 7:9-13).

1 | Application.

3 | DATED: June 22, 2020          BROWNE GEORGE ROSS LLP

By: _____/*Kim S. Zeldin*_____
       Kim S. Zeldin
Attorneys for Defendant DANIEL
"KEEMSTAR" KEEM, dba DRAMAALERT