BROWNE GEORGE ROSS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Kim S. Zeldin (State Bar No. 135780)
  kzeldin@bgrfirm.com
Eric A. Westlund (State Bar No. 293403)
  ewestlund@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
DANIEL "KEEMSTAR" KEEM, dba
DRAMAALERT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT,<br><br>Defendant. | Case No. 2:20-CV-02323-RGK-JPR<br><br>The Hon. R. Gary Klausner<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES FOLLOWING ISSUANCE OF ORDER GRANTING ANTI-SLAPP MOTION**<br><br>Date:        August 24, 2020<br>Time:       9:00 a.m.<br>Courtroom: 850<br><br>Trial Date: None Set |

1602157.4

Case No. 2:20-CV-02323-RGK-JPR

MOTION FOR ATTORNEYS' FEES FOLLOWING ISSUANCE OF ORDER GRANTING ANTI-SLAPP MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on August 24, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 850 of the United States District Court for the Central District of California, Western Division, located at 255 East Temple Street, Los Angeles, California 90012, Defendant, Daniel "Keemstar" Keem, dba Dramaalert ("Defendant" or "Keem"), will and hereby does move this Court for an for an order awarding Keem his attorneys' fees in the amount of $151,785.00 and costs in the amount of $8,188.60.  As the prevailing party in this action, Keem makes this motion pursuant to section 425.16(c) of the California Code of Civil Procedure, the Court's June 23, 2020 Order granting Keem's Anti-SLAPP Motion to Strike, and the Judgment entered on July 13, 2020.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed Declaration of Eric M. George and the exhibits attached thereto, the pleadings and papers on file herein, all other matters of which the Court may take judicial notice, and such other or further evidence and argument the Court may consider.

This motion is made following Defendant's counsel's July 21, 2020 conference with Plaintiff's counsel about the substance of this motion pursuant to Local Rule 7-3.

DATED:  July 24, 2020                    BROWNE GEORGE ROSS LLP
                                         Eric M. George
                                         Kim S. Zeldin
                                         Eric A. Westlund


                                         By:  *s/Eric M. George*
                                              Eric M. George
                                         Attorneys for Defendant DANIEL
                                         "KEEMSTAR" KEEM, dba DRAMAALERT

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND .................................................................................................. 2

III. MR. KEEM IS ENTITLED TO A MANDATORY AWARD OF ATTORNEYS' FEES BECAUSE HE PREVAILED ON HIS ANTI-SLAPP MOTION ................................................................................................ 3

IV.  THE AMOUNT OF ATTORNEYS' FEES SOUGHT IS REASONABLE ........................................................................................................ 5

    1.   Counsel's Hourly Rates Are Reasonable ...................................... 5

    2.   The Hours Claimed Are Reasonable ............................................. 7

V.   MR. KEEM'S COSTS ARE REASONABLE ................................................. 10

VI.  CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Baez v. Pension Consulting All., Inc.*,
   No. 2:17-cv-01938-RGK, 2018 WL 2572643 (C.D. Cal. Apr. 30, 2018) ........ 5, 10

*Chalmers v. City of Los Angeles*,
   796 F.2d 1205 (9th Cir. 1986), *opinion amended on denial of reh'g*,
   808 F.2d 1373 (9th Cir. 1987) ............................................................................. 5

*Dine v. Metro. Life Ins. Co.*,
   No. CV 05-3773 RSWL PLAX, 2011 WL 6131312
   (C.D. Cal. Dec. 9, 2011) ...................................................................................... 6

*Earvana, LLC v. Ernie Ball, Inc.*,
   No. CV 14-2302-R, 2014 WL 12605371 (C.D. Cal. Dec. 17, 2014) ................ 6, 9

*eCash Techs., Inc. v. Guagliardo*,
   210 F. Supp. 2d 1138 (C.D. Cal. 2000) ............................................................... 4

*Express LLC v. Forever 21*,
   No. CV 09-04514 ODW, 2010 WL 11512410 (C.D. Cal. Nov. 15, 2010) .......... 10

*Fallay v. San Francisco City & Cty.*,
   No. 08-cv-2261-CRB, 2016 WL 879632 (N.D. Cal. Mar. 8, 2016) ..................... 5

*Fernandez v. Golen*,
   No. 5:19-cv-01086-ODW, 2020 WL 2113673 (C.D. Cal. May 4, 2020) ............ 10

*Fox v. Vice*,
   563 U.S. 826 (2011) ............................................................................................. 8

*Gable v. Nat'l Broad. Co. ("NBC")*,
   No. CV 08-4013 SVW, 2010 WL 11506430 (C.D. Cal. Aug. 6, 2010) ............. 11

*Gonzalez v. City of Maywood*,
   729 F.3d 1196 (9th Cir. 2013) .............................................................................. 8

*Graham-Suit v. Clainos*,
   756 F.3d 724 (9th Cir. 2014) ........................................................................... 4, 9

*Grant & Eisenhofer, P.A. v. Brown*,
   No. CV 17-5968 PSG, 2018 WL 4945303 (C.D. Cal. May 14, 2018) ......... 6, 7, 9

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Hensley v. Eckerhart*,
  461 U.S. 437 (1983) .................................................................................................. 8

*Indep. Living Ctr. of S. California v. Kent*,
  No. 2:08-CV-03315-CAS(MANx), 2020 WL 418947
  (C.D. Cal. Jan. 24, 2020) ......................................................................................... 9

*Ingram v. Oroudjian*,
  647 F.3d 925 (9th Cir. 2011) .................................................................................. 7

*Lytle v. Carl*,
  382 F.3d 978 (9th Cir. 2004) .................................................................................. 8

*Maloney v. T3Media, Inc.*,
  No. CV 14–05048–AB, 2015 WL 3879634 (C.D. Cal. May 27, 2015) ...... 5, 8, 10

*Manufactured Home Cmtys., Inc. v. Cnty. of San Diego*,
  655 F.3d 1171 (9th Cir. 2011) ................................................................................ 3

*Metabolife Int'l, Inc. v. Wornick*,
  213 F. Supp. 2d 1220 (S.D. Cal. 2002) .................................................................. 7

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
  No. CV 12-02943 MMM, 2014 WL 12586434 (C.D. Cal. Nov. 7,
  2014), *aff'd sub nom. Mireskandari v. Associated Newspapers, Ltd.*,
  665 F. App'x 570 (9th Cir. 2016) ............................................................... 5, 6, 10

*Moreno v. City of Sacramento*,
  534 F.3d 1106 (9th Cir. 2008) ................................................................................ 7

*Novel v. Los Angeles Cty. Sheriff's Dep't*,
  No. 2:19-cv-01922-RGK-AGR, 2019 WL 6448955
  (C.D. Cal. Aug. 20, 2019) ...................................................................................... 6

*Ray Charles Found. v. Robinson*,
  919 F. Supp. 2d 1054 (C.D. Cal. 2013) .................................................................. 4

*Sessions v. Prospect Funding Holdings LLC*,
  No. CV 5:16-2620 SJO, 2019 WL 4418542 (C.D. Cal. May 31, 2019) .............. 11

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Verizon Delaware, Inc. v. Covad Commc'ns Co.*,
   377 F.3d 1081 (9th Cir. 2004) .................................................................................. 4

**STATE CASES**

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001) ............................................................................ 3, 4, 5, 10

*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*,
   141 Cal. App. 4th 15 (2006) ..................................................................................... 4

**STATE STATUTES**

Cal. Code Civ. Proc.
   § 425.16 ................................................................................................................... 4
   § 425.16(c) ....................................................................................................... 1, 3, 4
   § 425.16(c)(1) ..................................................................................................... 4, 10
   § 425.16(e)(3) .......................................................................................................... 2
   § 425.16(e)(4) .......................................................................................................... 2

**RULES**

Fed. R. Civ. P.
   Rule 54 ................................................................................................................... 10
   Rule 54(d)(1) ......................................................................................................... 10

Local Rule 8-3 ................................................................................................................ 2

Local Rule 54-2 ............................................................................................................ 10

**CONSTITUTIONAL PROVISIONS**

First Amendment ................................................................................................... 1, 2, 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Nicko "Romeo" Lacoste ("Plaintiff") sued Defendant Daniel Keem for over $3.5 million in damages after Mr. Keem truthfully publicized Plaintiff's sexual conversations with minors. As the Court has ruled, Mr. Keem's YouTube Videos, aired on his DramaAlert channel, were made in a public forum on a matter of public concern, and Plaintiff failed to allege how any aspect of Mr. Keem's reporting was false in any way or were not opinions. This case, in other words, is a paradigmatic example of what the California Legislature had in mind when it enacted the state's anti-SLAPP statute.

California's anti-SLAPP statute mandates the recovery of reasonable attorneys' fees to defendants like Mr. Keem who prevail against such SLAPP suits. This is designed not only to protect people like Mr. Keem from meritless lawsuits that chill important First Amendment rights, but also to discourage the filing of SLAPP suits in the future.

Mr. Keem therefore seeks to recover reasonable attorneys' fees pursuant to section 425.16(c) of the California Code of Civil Procedure. Mr. Keem's counsel spent considerable time on his successful defense with attorneys' fees of $151,785.00 and costs of $8,188.60. That figure reflects the "lodestar" arising from the hours worked by the lawyers and a paralegal in preparing and finalizing the successful anti-SLAPP motion filed in this case, the Reply brief in support of the Motion to Strike, opposing Plaintiff's ex parte application to file a Sur-reply, work that is "inextricably intertwined" with those efforts, and the preparation of this motion for attorneys' fees. In light of the circumstances of this case, such an award would be reasonable and serve the purposes of reasonably compensating Mr. Keem's counsel and of dissuading Plaintiff and others like him from engaging in further SLAPP suits.

## II. BACKGROUND

On March 10, 2020, Plaintiff filed a Complaint against Mr. Keem for (1) interference with prospective economic advantage and (2) interference with contractual relations. Dkt. 1. Plaintiff is a celebrity tattoo artist and Mr. Keem operates a YouTube channel that reports on breaking news about social media influencers and internet celebrities. Plaintiff alleged Mr. Keem accused Plaintiff of pedophilia in three videos aired on Mr. Keem's YouTube channel on March 16, 2019, March 17, 2019, and February 10, 2020. Dkt. 1 at 2 (¶ 11). In the February 10, 2020 video, Mr. Keem interviewed a minor who had sexual conversations with Plaintiff. *Id.* at 2 (¶¶ 12-14). Plaintiff alleged damages to his business "from an aggregate loss of a [sic] mass of individual clients" (*id.* at 3, ¶ 23), seeking over $3.5 million in compensatory damages, an unspecified amount in punitive damages and injunctive relief (*id.* at 6, ¶ 43).

On May 1, 2020, Defendant filed a Motion to Strike the Complaint pursuant to California's anti-SLAPP statute. Dkt. 12.[1] The basis of the Motion was that Plaintiff's allegations against Mr. Keem arose from Mr. Keem's acts in furtherance of his First Amendment right to free speech in connection with a public issue -- sexual predation of a minor by a celebrity. In the Motion to Strike, Keem reserved the right to bring a motion for attorneys' fees and costs. Dkt. 12 at 30.

On June 23, 2020 the Court issued an order granting Mr. Keem's motion in its entirety. Dkt. 44, Declaration of Eric M. George ("George Decl.") Ex. E. The Court held that Mr. Keem's statements were made in a public forum (social media websites) in connection with issues of public interest pursuant to California Code of Civil Procedure sections 425.16 (e) (3) and (4). Dkt. 44, pp. 3-4. The Court noted that it is "clear that the subject matter of adults having sexual relations with minors

---

[1] On March 27, 2020, the parties filed a Joint Stipulation Extending Time to Answer the Complaint extending the time to answer by 28 days pursuant to Local Rule 8-3, setting the response date as May 1, 2020. Dkt. 8.

is closely connected to an issue of widespread public interest." Noting that there was no dispute that the subject matter of Mr. Keem's videos was Plaintiff's alleged sexual conduct with minors, the Court held that Mr. Keem's statements were connected to issues of public interest. Dkt. 44, p. 4.

The Court also held that Plaintiff failed to show a minimal probability of prevailing on his claims because the First Amendment bars the causes of action. Dkt. 44, p. 4. Noting that Plaintiff does not allege that Mr. Keem's statements about Plaintiff's sexual conversations with minors was false (Dkt. 44, p. 4), the Court further observed that Plaintiff did not dispute (with countervailing evidence or otherwise) that (a) in the March 17, 2019 YouTube video, Plaintiff admitted that he knew at least 'some' of the girls he was having sexual conversations with were underage; and (b) in another YouTube video Plaintiff indicated such knowledge as to one minor in particular. Dkt. 44, p. 5. The Court held Mr. Keem's statements about Plaintiff and his career being "finished" were unactionable statements of opinion. Dkt. 44, p. 5.

On July 13, 2020, the Court entered a Judgment in Mr. Keem's favor, dismissing Plaintiff's complaint with prejudice, and holding that Mr. Keem was the prevailing party, attorneys' fees may be made by a regularly noticed motion, and requests for costs may be made by application to the Clerk of the Court. Dkt. 46, George Decl. Ex. F.

## III. MR. KEEM IS ENTITLED TO A MANDATORY AWARD OF ATTORNEYS' FEES BECAUSE HE PREVAILED ON HIS ANTI-SLAPP MOTION

"[A] prevailing defendant on a special motion to strike ***shall be*** entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c) (emphasis added). *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131, 104 (2001) ("any SLAPP defendant who brings a successful motion to strike is entitled to ***mandatory*** attorney fees") (emphasis added); *Manufactured Home Cmtys., Inc. v. Cnty. of San*

*Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011) ("Under California's anti-SLAPP statute, 'a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.'") (quoting Cal. Code Civ. Proc. § 425.16(c)(1)); *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) ("We have . . . confirmed that defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail."); *Ray Charles Found. v. Robinson*, 919 F. Supp. 2d 1054, 1067 (C.D. Cal. 2013) ("[b]ecause Defendants have prevailed on their anti-SLAPP motion, attorney's fees are ***mandatory*** and the Court awards them") (emphasis added); *eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 2d 1138, 1183-84 (C.D. Cal. 2000) ("[t]he attorneys' fees provision of Section 425.16 also applies in federal court, and declares that an award of attorneys' fees to a moving party is mandatory if a special motion to strike is granted").

The fee recovery provision set forth in Section 425.16(c) was intended "to discourage such strategic lawsuits against public participation by imposing the litigation costs on the party seeking to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." *Ketchum*, 24 Cal. 4th at 1131. In examining a fee request, the anti-SLAPP statute must be "broadly construed so as to effectuate the legislature purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself form a baseless lawsuit." *Graham-Suit v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014) (quoting *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15 (2006)). The purpose of fee-shifting is subverted if a defendant is not fully compensated when his SLAPP motion is successful.

For these reasons, as the prevailing party on his anti-SLAPP Motion, Mr. Keem is entitled to his fees and costs. Dkts. 44 (Order at 5) and 46 (Judgment at 2).

## IV. THE AMOUNT OF ATTORNEYS' FEES SOUGHT IS REASONABLE

The starting point for a district court's assessment of fees is the "lodestar" calculation, i.e., the multiplication of counsel's reasonable hourly rates by the number of reasonable hours counsel worked. *Maloney v. T3Media, Inc.*, No. CV 14–05048–AB (VBKx), 2015 WL 3879634, at *3 (C.D. Cal. May 27, 2015); *Ketchum*, 24 Cal. 4th at 1134 (applying lodestar method in awarding attorneys' fees to prevailing defendant in anti-SLAPP motion); *Baez* 2018 WL 2572643, at *2 (applying lodestar calculation to award of attorneys' fees under California's anti-SLAPP statute).

This case involved successful motion practice by lawyers at a well-regarded firm whose rates are well within the reasonable range for the Los Angeles area. George Decl. ¶ 2. Given the circumstances of this case, an award of $151,785.00 in attorneys' fees is reasonable.

### 1. Counsel's Hourly Rates Are Reasonable

"To determine the reasonable hourly rate, courts are to look to the rates customarily charged for work of the type performed in the relevant legal community, the reputation and experience of the attorneys who performed the services, the quality of counsel's services on behalf of their client, the complexity of the work performed, and the results achieved." *Fallay v. San Francisco City & Cty.*, No. 08-cv-2261-CRB, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2014 WL 12586434, at *12 (C.D. Cal. Nov. 7, 2014), *aff'd sub nom. Mireskandari v. Associated Newspapers, Ltd.*, 665 F. App'x 570 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987)) ("in determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation").

Mr. Keem bases his fee request on the following hourly rates:

| Attorney/Paralegal | Hourly Rate |
|---|---|
| Eric M. George, Partner | $900 |
| Kim S. Zeldin, Partner | $600 |
| Eric A. Westlund, Associate | $450 |
| Anne Kim, Paralegal | $150 |

See George Decl. ¶¶ 3, 8-11.

These rates are well within the rate of rates generally recognized as reasonable in the relevant community in which this Court sits (here the Los Angeles area). *See Mireskandari*, 2014 WL 879632, at *12 ("The relevant community is that in which the district court sits."). Decisions by other courts in the Central District, which are appropriate "evidence to support a finding of reasonableness" (*Earvana, LLC v. Ernie Ball, Inc.*, No. CV 14-2302-R, 2014 WL 12605371, at *2 (C.D. Cal. Dec. 17, 2014)), have approved similar rates to the defendants in successful anti-SLAPP motions. *See, e.g.*, *Novel v. Los Angeles Cty. Sheriff's Dep't*, No. 2:19-cv-01922-RGK-AGR, 2019 WL 6448955, at *3 (C.D. Cal. Aug. 20, 2019) (rates of $770, $690, and $550 reasonable for two partners and an associate, respectively); *Grant & Eisenhofer, P.A. v. Brown*, No. CV 17-5968 PSG (AFMx), 2018 WL 4945303, at *2 (C.D. Cal. May 14, 2018) (rates of $600, $500, and $200 reasonable for partner, associates, and paralegals, respectively); *Dine v. Metro. Life Ins. Co.*, No. CV 05-3773 RSWL PLAX, 2011 WL 6131312, at *3 (C.D. Cal. Dec. 9, 2011) (rates of $600, $500, and $175 reasonable for partners, senior associates, and paralegals, respectively). These rates are also consistent with rate surveys for the Los Angeles area. *See Grant & Eisenhofer*, 2018 WL 4945303, at *2 ("According to the [2016]

Real Rate Report, in Los Angeles, partners have an hourly rate ranging from $400 to $847, and associates from $300 to $595").[2]

The rates also appropriately reflect the experience and qualifications of the individual timekeepers. Eric M. George, a 1993 graduate of Georgetown University Law Center, has spent more than 20 years in private practice and has significant experience defending defamation, right-of-publicity, and related tort claims. George Decl. ¶ 4, Ex. A. Kim S. Zeldin is a 1988 graduate of U.C. Hastings College of the Law, and has broad experience in commercial litigation in state and federal courts throughout the United States, including the Central District. George Decl. ¶ 5, Ex. B. Eric A. Westlund is a 2013 graduate of Northwestern Pritzker School of Law and has practiced commercial litigation in state and federal courts in the Los Angeles area since 2013. George Decl. ¶ 6, Ex. C. Anne Kim is a litigation paralegal with more than 15 years of experience. George Decl. ¶ 7.

## 2. **The Hours Claimed Are Reasonable**

In awarding attorneys' fees to the prevailing party in an anti-SLAPP action, the Ninth Circuit recognizes that "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Grant & Eisenhofer*, 2018 WL 4945303, at *2 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). Here, Mr. Keem is seeking an award for 269.6 hours of attorney time and 38.2 hours of paralegal time. George Decl. ¶ 14 & Ex. D. Because Mr. Keem was the successful prevailing party in a suit that sought $3.5 million and punitive damages deference should be given to the reasonableness of the hours dedicated to Mr. Keem's successful Motion to Strike. *See Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002)

---

[2] The district court may also rely upon its own familiarity with the legal market to set the attorneys' hourly rates. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

1  ("Reasonableness depends in part on the success of the attorney's efforts").  As the
2  Ninth Circuit acknowledged, "the size of a fee award [may be] driven by the stakes
3  of the litigation," and "[t]he Court cannot ignore the stakes of the lawsuit in assessing
4  whether the cost of defending it was reasonable."  *Maloney*, 2015 WL 3879634, at
5  *10 n.6 (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

6        The reasonableness of the fees requested is reflected in defense counsel's
7  detailed billing records.  *Maloney*, 2015 WL 3879634, at *3 (quoting *Gonzalez v.
8  City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013)) (to determine "whether
9  attorneys for the prevailing party could have reasonably billed the hours they claim
10 to their private clients, the district court should begin with the billing records the
11 prevailing party has submitted.")  The prevailing party seeking fees need only
12 identify the general subject matter of his time expenditures to meet its burden of
13 establishing its fee request is reasonable -- a "limited obligation" reflecting the
14 broader policy that a "request for attorney's fees should not result in a second major
15 litigation."  *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 437 (1983)).  Mr. Keem has
16 gone beyond what is minimally required and supports his request with his attorneys'
17 contemporaneous and detailed time records in this case.  *See* George Decl. ¶12 & Ex.
18 D.  The billing records are recorded in tenths of an hour and each task performed is
19 separately broken out with the time spent on the specific task.  George Decl. ¶ 12.
20 *See Maloney*, 2015 WL 3879634, at *8 (finding specific itemizations of counsels'
21 tasks sufficient to evaluate the reasonableness of defendants' fees request); *see also
22 Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) ("minimal" descriptions sufficient to
23 support an award of attorneys' fees so long as "they establish that the time was spent
24 on the matters for which" the party seeks fees).  Billing judgment was used and the
25 statements were reduced to eliminate duplication and inefficiencies.  George Decl. ¶
26 12.[3]

27 ───────────────
28 [3] The billing statements include time through June, 2020.  Additional time spent in connection with this fee motion will be submitted in connection with the Reply brief.

The billing records reflect time spent: (1) reviewing and analyzing the complaint, the cease and desist letter, and other correspondence which preceded it; (2) legal research for and drafting the Motion to Strike (including the required meet and confer with Plaintiff); (3) identification and review of the social media referenced or alluded to in the Complaint, including YouTube, Twitter, and Instagram, and separate accusations by young women against the Plaintiff; (4) a review and analysis of publicly available information about the Plaintiff and his celebrity status for the Motion to Strike; (5) review of Plaintiff's various filings and pleadings attempting to file his Opposition and seeking to excuse the late-filed documents and failure to comply with Court rules and orders, and the Court's orders relating to those filings; (6) the preparation of an opposition to Plaintiff's motion for reconsideration and the required meet and confer (which was not filed because the Court ruled prior to the due date for the opposition); (7) the preparation of the reply brief; (8) the preparation of an opposition to Plaintiff's request for a Sur-Reply; (9) the review of the Court's order and preparation of the judgment; and (10) the preparation of the Fee Motion. George Decl. ¶¶13-15 & Ex. D.

All of this time was spent on matters compensable under Ninth Circuit precedent, which allows the successful anti-SLAPP defendant to recover attorneys' fees for time spent on the anti-SLAPP motion, "preliminary or related matters, such as [] a reply, other filings [and] document review . . . ." *Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014); *see also Earvana, LLC v. Ernie Ball, Inc.*, No. CV 14-2302-R, 2014 WL 12605371, at *2 (C.D. Cal. Dec. 17, 2014) ("work that is inextricably intertwined with an Anti–SLAPP motion is also compensable"). "The fees awarded should encompass all proceedings directly related to defendants' special motion to strike, including those hours expended in obtaining fees." *Grant & Eisenhofer*, 2018 WL 4945303, at *1; *Indep. Living Ctr. of S. California v. Kent*, No. 2:08-CV-03315-CAS(MANx), 2020 WL 418947, at *7 (C.D. Cal. Jan. 24, 2020) ("It

is well-established that a party may seek to recover attorneys' fees for the time spent recovering those fees.") (citing *Ketchum*, 24 Cal. 4th at 1141).

The reasonableness of the hours spent by Mr. Keem's counsel is also supported by reference to decisions in the Central District awarding comparable hours that have been requested and awarded in other anti-SLAPP motions. *See, e.g.*, *Maloney*, 2015 WL 3879634, at *6 (court found defendant's 546.5 hours litigating an anti-SLAPP motion reasonable); *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2014 WL 12586434, at *19 (C.D. Cal. Nov. 7, 2014), *aff'd sub nom. Mireskandari v. Associated Newspapers, Ltd.*, 665 F. App'x 570 (9th Cir. 2016) (460.1 hours reasonable); *Baez v. Pension Consulting All., Inc.*, No. 2:17-cv-01938-RGK (AGRx), 2018 WL 2572643, at *4 (C.D. Cal. Apr. 30, 2018) (197.05 hours for anti-SLAPP and fees motion reasonable).

## V.  MR. KEEM'S COSTS ARE REASONABLE

Mr. Keem is also entitled to recover his costs. *See* Cal. Civ. Proc. Code § 425.16(c)(1) ("[A] prevailing defendant . . . shall be entitled to recover his or her attorney's fees and costs."). Pursuant to Federal Rule of Civil Procedure 54(d)(1), this includes costs other than attorneys' fees. *See* Fed. R. Civ. P. 54 ("costs -- other than attorney's fees -- should be awarded to the prevailing party"); *see also Fernandez v. Golen*, No. 5:19-cv-01086-ODW (SHKx), 2020 WL 2113673, at *5 (C.D. Cal. May 4, 2020) (prevailing party "may also recover costs as provided in . . . FRCP 54(d)(1) and Local Rule 54-2"). While Mr. Keem is concurrently and separately submitting an Application to Tax Costs and a Bill of Costs pursuant to L.R. 54-2, "non-taxable costs are independently recoverable." *Express LLC v. Forever 21*, No. CV 09-04514 ODW (VBKx), 2010 WL 11512410, at *9 (C.D. Cal. Nov. 15, 2010) (awarding attorneys' fees in addition to "attorney service costs for delivering a courtesy copy, messenger costs, mileage costs, overnight mail costs, parking costs, photocopy costs, online research costs, PACER costs, and conference call costs").

Mr. Keem is seeking $8,188.6 incurred by his attorneys for on-line research. *See* George Decl. ¶ 16 & Ex. D. Such on-line research costs are recoverable. *Sessions v. Prospect Funding Holdings LLC*, No. CV 5:16-2620 SJO (DTBx), 2019 WL 4418542, at *10 (C.D. Cal. May 31, 2019) (awarding costs including on-line research); *Gable v. Nat'l Broad. Co. ("NBC")*, No. CV 08-4013 SVW (FFMx), 2010 WL 11506430, at *12 (C.D. Cal. Aug. 6, 2010) ("As long as the cost of computer-assisted research (for example, through Lexis or Westlaw) is in fact paid to a third-party provider and billed by the firm to its client, a reasonable cost for such research may be recoverable."). *See* George Decl. ¶ 16.

Thus, the Court should issue an order reimbursing Mr. Keem for these costs.

## VI. CONCLUSION

For the foregoing reasons, Keem respectfully requests the Court award him $151,785.00 in attorneys' fees and $8,188.60 in costs, plus any fees and costs submitted in connection with the Reply brief.

DATED: July 24, 2020

BROWNE GEORGE ROSS LLP
Eric M. George
Kim S. Zeldin
Eric A. Westlund

By: *s/Eric M. George*
Eric M. George
Attorneys for Defendant DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT