# EXHIBIT E

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02323-RGK-JPR | Date | June 23, 2020 |
|---|---|---|---|
| Title | ***LACOSTE v. KEEM*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Strike Complaint [DE 12]

## I. INTRODUCTION

On March 10, 2020 Plaintiff Nicko "Romeo" Lacoste ("Plaintiff") filed a Complaint against Defendant Daniel "Keemstar" Keem ("Defendant"). Plaintiff asserts two claims: (1) interference with prospective economic advantage and (2) interference with contractual relations.

Presently before the Court is Defendant's Special Motion to Strike Plaintiffs' claims against them under California's anti-strategic lawsuit against public participation statute ("the anti-SLAPP statute"), California Code of Civil Procedure § 425.16. For the following reasons the Court **GRANTS** Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiff is a celebrity tattoo artist. Defendant operates a YouTube channel that reports on breaking news about social media influencers and internet celebrities. Defendant has accused Plaintiff of pedophilia in several videos across YouTube, Twitter, Instagram, and Snapchat. Plaintiff specifically lists three videos Defendant uploaded to YouTube on March 16, 2019, March 17, 2019 and February 10, 2020. In the February 10 video, Defendant interviewed a minor who allegedly had sexual conversations with Plaintiff. Defendant has also said that Plaintiff and his career are finished and that Plaintiff "belongs in a cage."

The accusations against Plaintiff have caused substantial damage to Plaintiff's business "from an aggregate loss of a [sic] mass of individual clients." Defendant was acutely aware of the nature of Plaintiff's business and the potential impact of his statements. There was additional loss from employees deciding to work elsewhere. These losses directly correlate to the videos Defendant created and publicized.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-02323-RGK-JPR | Date | June 23, 2020 |
|---|---|---|---|
| Title | ***LACOSTE v. KEEM*** | | |

On March 10, 2020 Plaintiff filed the Complaint alleging: (1) Interference with Prospective Economic Advantage and (2) Interference with Contractual Relations.

## III. JUDICIAL STANDARD

Under California Code of Civil Procedure § 425.16, a defendant may make a special motion to strike a complaint that is brought primarily to chill the valid exercise of free speech. Such motions may be brought in federal court against a plaintiff's state law claims. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970–73 (9th Cir. 1999).

Section 425.16 provides a two-prong process. First, the defendant has the burden of showing that the challenged cause of action arises from activity protected under the statute. *Blackburn v. Brady*, 116 Cal. App. 4th 670, 675 (2004). "If the defendant does not meet this threshold burden, the court must deny the motion." *Id.* at 676. If the defendant meets the burden, then the plaintiff must demonstrate a minimal probability of prevailing on the merits of the claim. *See Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 66–67 (2002).

In order to establish the requisite probability of prevailing, the plaintiff needs only have "stated and substantiated a legally sufficient claim." *Briggs v. Eden Council for Hope Opportunity*, 19 Cal. 4th 1106, 1123 (1999). In other words, the plaintiff must demonstrate that "the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilson v. Parker, Covert Chidester*, 28 Cal. 4th 811, 821 (2002). The trial court evaluates the merits of the claim through a "summary-judgment-like procedure." *Taus v. Loftus*, 40 Cal. 4th 683, 714 (2007).

If the plaintiff is unable to satisfy its burden, the court should grant the defendant's motion and strike the complaint. *See generally DuPont Merck Pharm. Co. v. Super. Ct.*, 78 Cal. App. 4th 562, 569 (2000) (remanding a case to the district court with the instruction "to determine whether plaintiffs can establish there is a probability they will prevail on their claims, and thereafter enter a new order granting or denying the motion to strike"). Because the statutory intent is to provide a quick, inexpensive method of dismissing these sorts of lawsuits, leave to amend is improper. *Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (2001).

## IV. DISCUSSION

The Defendant moves to strike the claims against them under the anti-SLAPP statute. The Court assesses both prongs of the anti-SLAPP framework, and finds in favor of Defendant.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02323-RGK-JPR | Date | June 23, 2020 |
|---|---|---|---|
| Title | ***LACOSTE v. KEEM*** | | |

    **A.**    <u>**Defendant's Conduct is Protected Under § 425.16(e)**</u>

    Defendant has the burden of showing that the cause of action arises from an activity that is protected under the statute. *Blackburn*, 116 Cal. App. 4th at 675. The anti-SLAPP statute lists four types of conduct that are protected. Cal. Civ. Proc. Code § 425.16(e). Defendant argues that the challenged conduct falls under either "(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." *See* (Mot. at 2, ECF No. 12); §425.16(e). Both of Plaintiff's claims appear to discuss allegations of Plaintiff's sexual interactions with minors and that Plaintiff's career is finished as a result of the allegations. These statements are found in videos across various social media platforms including YouTube, Twitter, Instagram, and Snapchat. (*See* Compl. ¶¶ 7, 11, 20, ECF No. 1.)[1]

    For Defendant's statements to fall under § 425.16(e)(3), they must have been made in a place open to the public or a public forum in connection with an issue of public interest. § 425.16(e)(3). Websites that are accessible to the public are public forums under the anti-SLAPP statute. *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 199 (2017) (internal citation omitted). YouTube, Twitter, Instagram, and Snapchat are websites accessible to the public[2], and are therefore public forums under the anti-SLAPP statute.

    Defendant's statements must also have a connection with an issue of public interest. § 425.16(e)(3). The public interest requirement must be construed broadly to encourage participation in public debate related to issues of public interest. *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 23 (2007). California cases have generally established that the public interest requirement is met if the subject of the statement underlying the claim (1) was a person or entity in the public eye; (2) could affect large numbers of people beyond the direct participants; or (3) involved a topic of widespread public interest. *Albanese v. Menounos*, 218 Cal. App. 4th 923, 934 (2013) (internal citations omitted) (internal quotation

---

[1] Plaintiff mentions other social media platforms; however, Plaintiff only describes statements from YouTube videos. (*See* Compl. ¶¶ 11–20.) For the purposes of the deciding this motion, it would be reasonable to infer that the statements across the other platforms would not be substantially different from what Plaintiff describes in the Complaint.

[2] The Court takes judicial notice of the "Terms of Service" pages of YouTube, Twitter, Instagram, and Snapchat. *See* Fed. R. Evid. 201; *Farrell v. Boeing Emps. Credit Union*, 764 Fed. Appx. 682, 685 n.1 (9th Cir. 2019) (taking judicial notice of a website in the public realm).

Case 2:20-cv-02323-RGK-JPR Document 44 Filed 06/23/20 Page 4 of 5 Page ID #:394

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-02323-RGK-JPR | Date | June 23, 2020 |
|---|---|---|---|
| Title | ***LACOSTE v. KEEM*** | | |

marks omitted). However, not every statement about a person in the public eye is sufficient to meet the requirement. *Id.* at 935. There should be a degree of closeness between the challenged statements and the asserted public interest. *Id.*

Defendant argues his videos are connected to issues of public interest: (1) Plaintiff himself and (2) Plaintiff's sexual relationship with minors. (Mot. at 11–12.) For the proposition that Plaintiff is a prominent figure automatically in the public eye, Defendant cites to *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798 (2002). In *Seelig*, the court held that by appearing on a show that generates considerable debate within the media, the plaintiff "voluntarily subjected herself to the inevitable scrutiny and potential ridicule by the public and the media." *Id.* at 807–08. Certainly, by appearing on the Defendant's March 17, 2019 YouTube video[3] to discuss the subject matter at issue here, there is an argument that Plaintiff "voluntarily subjected [himself] to the inevitable scrutiny and potential ridicule." *Id.* In any case, however, it is clear that the subject matter of adults having sexual relations with minors is closely connected to an issue of widespread public interest. *See Cross v. Cooper*, 197 Cal. App. 4th 357, 374–75 (2011); *M.G. v. Time Warner, Inc.*, 89 Cal. App. 4th 623, 629 (2001); *Terry v. Davis Cmty .Church*, 131 Cal. App. 4th 1534, 1547 (2005). There is no dispute that the subject matter of Defendant's videos was Plaintiff's alleged sexual conduct with minors. (*See* Compl. ¶ 11; Mot. at 4.) Accordingly, Defendant's statements are connected to issues of public interest.

Since Defendant's statements were made in a public forum in connection with an issue of public interest, they are protected under § 425.16(e)(3).[4]

### B. Plaintiff Failed to Show a Minimal Probability of Prevailing on His Claims

Because Defendant has made the threshold showing that Plaintiff's claims arise from protected activity, the burden shifts to Plaintiff to demonstrate a minimal probability of prevailing on the merits of his claims. *See Equilon Enters.*, 29 Cal. 4th at 66–67 (2002). Defendant argues that Plaintiff will be unable to prevail on his claims, because the First Amendment bars the causes of action. The Court agrees.

---

[3] The Court takes judicial notice of a video published to YouTube on March 17, 2019, entitled "Romeo Lacoste INTERVIEW! #DramaAlert (Uncensored) Romeo Lacoste reacts to recent Allegations." *See* Cal. Civ. Proc. Code § 425.16(b)(1); Fed. R. Evid. 201; *Farrell*, 764 Fed. Appx. at n.1.

[4] Even if Defendant's statements did not fall under § 425.16(e)(3), they would have fallen under § 425.16 (e)(4) since they are connected to a public issue.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02323-RGK-JPR | Date | June 23, 2020 |
|---|---|---|---|
| Title | *LACOSTE v. KEEM* | | |

Under California law, claims of contractual interference and interference with prospective economic advantage that arise from an alleged false statement are subject to the same First Amendment limitations as defamation actions. *See Blatty v. N.Y. Times Co.*, 42 Cal. 3d 1033, 1044–1046 (1986). To state a defamation claim that survives a First Amendment challenge, plaintiff must present evidence of a statement of fact that is provably false. *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). Moreover, "[s]tatements of opinion, '[h]owever pernicious,' are immunized by the First Amendment." *Blatty*, 42 Cal. 3d at 1044 (internal citation omitted).

Plaintiff need only "state[] and substantiate[] a legally sufficient claim." *Briggs*, 19 Cal. 4th at 1123. Plaintiff has failed to do so. Plaintiff does not allege in the Complaint that Defendant's statements about Plaintiff's sexual conversations with minors were false. (*See* Compl. ¶¶ 1–51.) In fact, Defendant states in his motions that in the March 17, 2019 YouTube video, Plaintiff admitted that he knew at least 'some' of the girls he was having sexual conversations with were underage. (Mot. at 4–6.) Moreover, Defendant has introduced transcripts of another YouTube video indicating such knowledge as to one minor in particular. (Westlund Decl. Ex. 4 at 23–25, ECF No. 14-3.) Plaintiff has failed to refute this assertion, present countervailing evidence, or otherwise argue to the contrary. As to Defendant's statements about Plaintiff and his career being "finished," such statements are unactionable, as they merely constitute statements of Defendant's opinion. *Blatty*, 42 Cal. 3d at 1044.

As Plaintiff has failed to present any evidence that Defendant's statements are provably false, Plaintiff's claims are barred by the First Amendment and are insufficient as alleged. Therefore, Plaintiff has failed his burden to show a minimum probability of prevailing on the claims.

**V.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion.

**IT IS SO ORDERED.**

: 

Initials of Preparer