Raoul J. Severo, Esq. [S.B. #78104]
Joseph L. Ryan [S.B. #301375]
Severo, PLC
500 N. Central Ave, Suite 210
Glendale, CA 91203
(855) 216-3990
Attorney for Plaintiff, Nicko "Romeo" Lacoste

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT,<br><br>Defendant. | Case No.: 2:20-CV-02323-RGK-JPR<br><br>Hon. R. Gary Klausner<br><br>**PLAINTIFF NICKO LACOSTE'S OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Date: AUGUST 24, 2020<br>Time: 9:00 a.m.<br>Dept: 850 |

**PLAINTIFF NICKO LACOSTE'S OPPOSITION TO MOTION FOR**

**ATTORNEY'S FEES AND COSTS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ..................................4

STATUTES ............................................................................................................4

    I. Introduction..................................................................................................4

    II. Defendant's request for nearly $160,000 in attorneys' fees and costs in this case is unreasonable and this court should deny it..........5

    III. The billing records submitted by defendant in support of his request for attorneys' fees reveal a duplication of efforts by multiple attorneys working on a relatively simple case......................................13

CONCLUSION ...................................................................................................18

# TABLE OF AUTHORITIES

**Federal Cases**                                              **page no.**

Brown v. Stackler, 612 F.2d 1057, 1059 (7th Cir.1980) ........................12, 17

Copeland v. Marshall, supra, 641 F.2d 880, 902–903 .......................... 13,18

Farris v. Cox, 508 F.Supp. 222, 227 (N.D.Cal.1981)...................................13

Gagne v. Maher, 594 F.2d 336 (2d Cir. 1979).............................................18

Jordan v. United States Dept. of Justice (D.D.C.1981) 89 F.R.D. 537, 540 [revd. (1982) 691 F.2d 514] ................................................................13, 18

Lund v. Affleck, 587 F.2d 75, 77 (1st Cir.1978).....................................13, 18

**PLAINTIFF NICKO LACOSTE'S OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS**

SEVERO, PLC
500 N. CENTRAL AVE., STE. 610 • GLENDALE, CA 91203

Pistoresi v. Madera Irrigation Dist., 2009 WL 910867, at *2 (E.D.Cal. 2009) ...........................................................................................................17

Reynolds v. Coomey, 567 F.2d 1166, 1167 (1st Cir.1978).........................18

Vocca v. Playboy Hotel of Chicago, Inc. 519 F.Supp. 900, 901–902 (N.D.Ill.1981) ..................................................................................13, 18

**State cases**                                                              **page no.**

ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1018, 113 Cal. Rptr. 2d 625 (4th Dist. 2001)................................................................7, 9

G.R. v. Intelligator, 185 Cal.App. 4th 606 (4th Dist., 2010) .......................8

Cabral v. Martins, 177 Cal.App.4th 471 (Cal. Ct. App. 2009 .......................8

Ketchum v. Moses (2001) 24 Cal.4th 1122, 1131–1132, 104 Cal.Rptr.2d 377, 17 P.3d 735 (Ketchum) ....................................................9, 10, 11, 12

Maughan v. Google Technology, Inc. (2006) 143 Cal.App.4th 1242, 1252, 49 Cal.Rptr.3d 861 ..................................................................................11

Melnyk v. Robledo, 64 Cal.App.3d 618, 623, 134 Cal.Rptr. 602 (1976)..................................................................................11

Moore v. Liu, 69 Cal. App. 4th 745, 753-754, 81 Cal. Rptr. 2d 807 (2d Dist. 1999), as modified, (Feb. 5, 1999). ...............................................................7

Olsen v. Harbison (2005) 134 Cal.App.4th 278, 283, 35 Cal.Rptr.3d 909 ......................................................................................10

PLCM Group, Inc. v. Drexler, 22 Cal.4th 1084, 1095–1096, 95 Cal.Rptr.2d 198, 997 P.2d 511 (2000) ........................................................................11

SEVERO, PLC
500 N. CENTRAL AVE., STE. 610 • GLENDALE, CA 91203

Robertson v. Rodriguez, 36 Cal.App.4th 347, 361, 42 Cal.Rptr.2d 464 (1995) ...................................................................................................10

Serrano v. Priest, 20 Cal.3d 25, 49, 141 Cal.Rptr. 315, 569 P.2d 1303, (1977) .........................................................................9

Serrano v. Unruh, 32 Cal.3d 621, 639, 186 Cal.Rptr. 754, 652 P.2d 985 (1982) ...................................................................................................10

Christian Research Institute v. Alnor, 165 Cal. App. 4th 1315, 81 Cal. Rptr. 3d 866 (4th Dist. 2008) ...........................................................................6, 7

**Statutes**                                                             **page no.**

California Code of Civil Procedure section 425.16 .................. 4, 5, 6, 7, 8, 10

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. INTRODUCTION**

Plaintiff is a celebrity tattoo artist. Defendant operates a You Tube channel dedicated to sensationalized reporting about social media influencers and internet celebrities. Defendant accused Plaintiff of pedophilia in several You Tube videos on March 16, 2019, March 17, 2019, and February 10, 2020.

On March 10, 2020, Plaintiff, NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO, filed a complaint for damages alleging

SEVERO, PLC
500 N. CENTRAL AVE., STE. 610 • GLENDALE, CA 91203

tortious interference with contractual relations and interference with prospective economic advantage against Defendant, DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT.

Defendant did not file an answer, but on May 1, 2020, filed a motion to strike the complaint pursuant to California Code of Civil Procedure § 425.16, California's anti-SLAPP statute. Plaintiff filed its Opposition to the Special Motion to Strike Complaint (Anti-SLAAP) and Defendant filed its Reply to the Opposition.

On June 23, 2020, this Court granted Defendant's Special Motion to Strike and dismissed Plaintiff's complaint. Defendant now moves the court to award attorneys' fees and costs in favor of Defendant against Plaintiff based upon the provisions of California Code of Civil Procedure, Section 425.16, which provides in pertinent part, as follows:

"(c)(1)  Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."

**II.   DEFENDANT'S REQUEST FOR NEARLY $160,000 IN ATTORNEYS' FEES AND COSTS IN THIS CASE IS UNREASONABLE AND THIS COURT SHOULD DENY IT.**

Defendant now brings its Motion for Attorneys' Fees and Costs and is requesting an outrageous and unconscionable amount of $151,785.00 and costs of $8,188.60 for its time in opposing the Anti-Slapp Motion. Not only the amount is outrageous, but it would certainly shock the conscience of any reasonable practicing attorney in the Los Angeles community.

While an attorney fee award to a defendant prevailing on a special motion to strike as strategic lawsuit against public participation (SLAPP) is usually mandatory, ascertaining the amount of reasonable attorneys' fees awarded to a defendant is left to the trial court's sound discretion. West's Ann. Cal. C.C.P. § 425.16(c). *Christian Research Institute v. Alnor,* 165 Cal. App. 4th 1315, 81 Cal. Rptr. 3d 866 (4th Dist. 2008).

Inflated fee requests constitute a special circumstance supporting an attorney fee award for less than all of the hours reasonably spent, to a defendant prevailing on a special motion to strike as strategic lawsuit against public participation (SLAPP). West's Ann. Cal. C.C.P. § 425.16(c). *Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 81 Cal. Rptr. 3d 866 (4th Dist. 2008).

The evidence presented in support of a defendant's motion for an attorney fee award after prevailing on a special motion to strike as strategic lawsuit against public participation (SLAPP) should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended, and the trial court may properly reduce an attorney fee award to a defendant prevailing on a special motion to strike as strategic lawsuit against public participation (SLAPP) on account of any failure to maintain appropriate time records sufficient to provide a proper basis for determining how much time was spent on particular claims. West's Ann. Cal. C.C.P. § 425.16(c). *Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 81 Cal. Rptr. 3d 866 (4th Dist. 2008).

While § 425.16 does authorize attorney's fees, it specifically states the defendant only receives such fees if the defendant prevails on the motion to strike. *Moore v. Liu,* 69 Cal. App. 4th 745, 753-754, 81 Cal. Rptr. 2d 807 (2d Dist. 1999), as modified, (Feb. 5, 1999).

The trial court may determine the appropriate amount of fees and costs, upon a proper application by defendants. *ComputerXpress, Inc.*

*Jackson,* 93 Cal. App. 4th 993, 1018, 113 Cal. Rptr. 2d 625 (4th Dist. 2001).

As the court noted in *G.R. v. Intelligator*, 185 Cal.App. 4th 606 (4th Dist., 2010):

"Subdivision (c) of Code of Civil Procedure section 425.16 provides that 'a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.' " (*Cabral, supra,* 177 Cal.App.4th at p. 490, 99 Cal.Rptr.3d 394.) "The language of the anti-SLAPP statute is mandatory; it requires a fee award to a defendant who brings a successful motion to strike. Accordingly, our Supreme Court has held that under this provision, 'any SLAPP defendant who brings a successful motion to strike is *entitled* to *mandatory* attorney fees.' [Citation.]" (*Ibid.*) At the same time, "a defendant who brings a successful special motion to strike *is entitled only to reasonable attorney fees, and not necessarily to the entire amount requested*. [Citations.]" (*Id.* at p. 491, 99 Cal.Rptr.3d 394.) [Emphasis supplied and by the Court.]

As the moving party, the prevailing defendant seeking fees and costs " 'bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.' [Citation.]

To that end, the court may require [a] defendant[ ] to produce records sufficient to provide " 'a proper basis for determining how much time was spent on particular claims.' " [Citation.] The court also may properly reduce compensation on account of any failure to maintain appropriate time records. [Citation.]" (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1020, 113 Cal.Rptr.2d 625 (*Computer Xpress* ).) The evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended. (*Ibid.*)

      A trial court "assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney … involved in the presentation of the case.' " (*Ketchum v. Moses*(2001) 24 Cal.4th 1122, 1131–1132, 104 Cal.Rptr.2d 377, 17 P.3d 735 (*Ketchum* ).) The court tabulates the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work. (*Id.* at p. 1134, 104 Cal.Rptr.2d 377, 17 P.3d 735; *Serrano v. Priest* (1977) 20 Cal.3d 25, 49, 141 Cal.Rptr. 315, 569 P.2d 1303 (*Priest*).) "[T]he lodestar figure may be

increased *or decreased* depending on a variety of factors, including the contingent nature of the fee award." (*Ketchum,* at p. 1134, 104 Cal.Rptr.2d 377, 17 P.3d 735, italics added.) The *Ketchum* court further noted that pursuant to *Serrano v. Unruh* (1982) 32 Cal.3d 621, 639, 186 Cal.Rptr. 754, 652 P.2d 985 (*Serrano IV* ), "*absent circumstances rendering the award unjust,* an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent,* including those relating solely to the fee." (*Ketchum,* at p. 1133, 104 Cal.Rptr.2d 377, 17 P.3d 735, first italics added.) The Supreme Court cautioned in *Ketchum* that " 'padding' in the form of inefficient or duplicative efforts is not subject to compensation. [Citation.]" (*Id.* at p. 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735.)

Because the Legislature specified the prevailing defendant "shall be entitled to recover his or her attorney's fees and costs" (§ 425.16, subd. (c)), an award is usually mandatory. (See *Ketchum, supra,* 24 Cal.4th at pp. 1131, 1137–1138, 104 Cal.Rptr.2d 377, 17 P.3d 735.) The Legislature, however, did not intend recovery of fees and costs as a windfall. (*Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 361, 42 Cal.Rptr.2d 464 (*Robertson* ); see *Olsen v. Harbison* (2005) 134

Cal.App.4th 278, 283, 35 Cal.Rptr.3d 909 [noting "ironic unintended consequence that anti-SLAPP procedures, enacted to curb abusive litigation, are also prone to abuse"].) The prevailing party is entitled to a reasonable award (*Ketchum, supra,* at p. 1133, 104 Cal.Rptr.2d 377, 17 P.3d 735); consequently, the trial court need not simply award the sum requested. (*Robertson,* at p. 361, 42 Cal.Rptr.2d 464.) To the contrary, ascertaining the fee amount is left to the trial court's sound discretion. (*Ketchum,* at p. 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735; *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1252, 49 Cal.Rptr.3d 861 (*Maughan* ).) Trial judges are entrusted with this discretionary determination because they are in the best position to assess the value of the professional services rendered in their courts. (*Ketchum,* at p. 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735;*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095–1096, 95 Cal.Rptr.2d 198, 997 P.2d 511); see *Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623, 134 Cal.Rptr. 602 ["trial court has its own expertise" on the question of fees].)

Inflated fee requests constitute a special circumstance. In emphasizing that a trial court retains the discretion to award attorney fees in an amount that is *less* than the lodestar amount, the *Ketchum* court

noted, " 'To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether.' " (*Ketchum, supra,* 24 Cal.4th at p. 1138, 104 Cal.Rptr.2d 377, 17 P.3d 735.) Specifically, the *Ketchum* court stated, "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award **or deny one altogether.**" (*Id.* at p. 1137, 104 Cal.Rptr.2d 377, 17 P.3d 735, quoting *Serrano IV*, *supra,* 32 Cal.3d at p. 635, 186 Cal.Rptr. 754, 652 P.2d 985.) [Emphasis supplied]

      The *Serrano IV* court explained, " 'If … the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked in the first place. To discourage such greed, a severer reaction is needful…." (*Serrano IV, supra,* 32 Cal.3d at p. 635, 186 Cal.Rptr. 754, 652 P.2d 985, quoting *Brown v. Stackler* (7th Cir.1980) 612 F.2d 1057, 1059.) The *Serrano IV* court noted in a lengthy citation the numerous ways a party may employ to inflate a fee request, justifying denial of fees

**PLAINTIFF NICKO LACOSTE'S OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS**

altogether: "See, e.g., … *Lund v. Affleck* (1st Cir.1978) 587 F.2d 75, 77 [if initial claim is 'exorbitant' and time unreasonable, court should 'refuse the further compensation']; *Farris v. Cox* (N.D.Cal.1981) 508 F.Supp. 222, 227 [time on fee petition denied for 'overreaching']; *Vocca v. Playboy Hotel of Chicago, Inc.* (N.D.Ill.1981) 519 F.Supp. 900, 901–902 [fee denied in entirety on ground of counsel's dilatoriness and hours claimed for clerical work]; *Jordan v. United States Dept. of Justice* (D.D.C.1981) 89 F.R.D. 537, 540 [revd. (1982) 691 F.2d 514] [fee denied in entirety on ground of unreasonable request and inadequate documentation].)" (*Serrano IV, supra,* 32 Cal.3d at p. 635, fn. 21, 186 Cal.Rptr. 754, 652 P.2d 985.)

### III. <u>**The Billing Records Submitted by Defendant in Support of His Request for Attorneys' Fees Reveal A Duplication of Efforts By Multiple Attorneys Working On A Relatively Simple Case.**</u>

A close reading of the billing records submitted by Defendant here in support of his motion for attorneys' fees reveals that the attorneys and paralegal involved in this case duplicated their efforts.

Thus, out of the total of 307.80 hours expended by the attorneys and paralegals who allegedly worked on the matter, attorney Kim Zeldin is said to have clocked 148.70 hours at $600.00 while attorney Eric Westlund clocked 115.50 hours at $450.00.

Much of the effort expended by Mr. Westlund was duplicative of the effort expended by Ms. Zeldin. Thus, example, the billing statement shows that on May 1, 2020 the following entries were made:

05/01/20 EAW Finalize anti-SLAPP motion to strike for filing

(5.50) 5.50 hrs   $2,475.00

05/01/20 EAW Finalize anti-SLAPP motion to strike, attorney declarations, requests for judicial notice, and proposed order for filing

5.50 hrs          $2,475.00

05/01/20 KSZ Finalize Motion to Strike and accompanying declarations, Request for Judicial Notice and exhibits for filing

6.50 hrs   $3,900.00

Clearly, only one attorney should have been "finalizing" the motion to strike prior to filing with the court. Instead, we have Mr. Westlund requesting 11 hours of attorney time at $450 per hour and Ms. Zeldin

requesting 6.50 hours of attorney time at $600 per hour for performing the same function.

In fact, a close analysis of the billing statement reveals that this duplication of effort was not limited to a single day or a single task, but that it infects the entire billing record submitted by Defendant in support of its request for attorneys' fees.  For another example, see the following duplicative billing entries:

04/13/20 EAW Draft anti-SLAPP motion to strike section regarding public figure 2.00 hrs $900.00

04/13/20 EAW Legal research regarding public figure in First Amendment law 2.50 hrs $1,125.00

04/13/20 KSZ Review and edit motion to strike 1.50 hrs $900.00

Thus on 4/13/20, Mr. Westlund bills 4.50 hours at $450.00 per hour for researching and drafting the public figure issue.  Although it is not clearly specified, Ms. Zeldin then bills 1.50 hours of her time at $600 per hour to edit apparently what Mr. Westlund wrote.

However, a week later, on 4/20/20, Ms. Zeldin again bills another 1.50 hours at $600 per hour for legal research regarding public figure status for First Amendment purposes, but just 4 days later on 4/24/20 Mr.

Westlund bills 4 hours of time at $450 per hour to "[d]raft anti-SLAPP (sic) motion to strike section regarding public figure," and merely 2 days later, on 4/26/20 Ms. Zeldin purports to bill 8.20 hours at $600 per hour to make "extensive revisions to Motion to Strike."

This kind of duplication, again, infects the entire billing statement submitted by Defendant in support of its motion for attorneys' fees. All of this effort, purportedly performed by a law firm that "has been recognized by the *National Law Journal* as one of the nation's top litigation boutiques in California, which authors an annual treatise entitled *California Business Litigation* published by CEB and which chose two partners—one name partner—and an associate and a paralegal to draft the anti-SLAAP motion to strike in an uncomplicated case headed by a name partner with 20 years of experience "…successfully representing litigants in anti-SLAPP litigation…( who has) "represented clients in more than twenty high stakes trials and arbitration involving complex issues," and a seasoned lawyer in Ms. Zeldin with a 32 year record of business litigation experience.

It strains credulity to posit that this team of SuperLawyers could not prepare and file a motion to strike the complaint in this case in the same

16
**PLAINTIFF NICKO LACOSTE'S OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS**

amount of time, 40 hours—that it took Plaintiff to prepare and file its opposition to the motion.

The primary consideration in determining an appropriate award is reasonableness. Defendants are not entitled to an award that so egregiously exceeds the reasonable expense of prosecuting an anti-SLAPP motion. "In enacting the attorneys' fees [provision of the anti-SLAPP law], the California legislature…did not intend recovery of fees and costs as a windfall…" *Pistoresi v. Madera Irrigation Dist.*, 2009 WL 910867, at *2 (E.D.Cal. 2009) (internal citations and quotation marks omitted).

Under certain circumstances, a party's acts may justify a denial of attorneys' fees altogether. As the California Supreme Court explained: " 'If … the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked in the first place. To discourage such greed, a severer reaction is needful." *Serrano IV,* 32 Cal.3d at 635, 186 Cal.Rptr. 754, 652 P.2d 985 (quoting *Brown v. Stackler,* 612 F.3d 1057,

1059 (7th Cir.1980)). The *Serrano IV* court then noted examples in which a denial of fees is appropriate:

> See, e.g., *Copeland v. Marshall, supra,* 641 F.2d 880, 902–903 [not allowable are hours on which plaintiff did not prevail or "hours that simply should not have been spent at all, such as where attorneys' efforts are unorganized or duplicative. This may occur … when young associates' labors are inadequately organized by supervising partners" (fns.omitted) ]; *Gagne v. Maher, supra,* 594 F.2d 336, 345[excessive time spent]; *Lund v. Affleck* (1st Cir.1978) 587 F.2d 75, 77 [if initial claim is "exorbitant" and time unreasonable, court should "refuse the further compensation"]; *Reynolds v. Coomey* (1st Cir.1978) 567 F.2d 1166, 1167 [duplication of effort]; *Farris v. Cox*(N.D.Cal.1981) 508 F.Supp. 222, 227 [time on fee petition denied for "overreaching"]; *Vocca v. Playboy Hotel of Chicago, Inc.*(N.D.Ill.1981) 519 F.Supp. 900, 901–902 [fee denied in entirety on ground of counsel's dilatoriness and hours claimed for clerical work]; *Jordan v. United States Dept. of Justice* (D.D.C.1981) 89 F.R.D. 537, 540 [fee denied in entirety on ground of unreasonable request and inadequate documentation].

## IV. CONCLUSION

It is difficult to imagine a more unreasonable fee request than the one brought here. In this case, Defendants seek an unreasonable recovery that is grossly inflated by, among other things, (1) the needless and excessive use of multiple lawyers working on the same issues and billing for editing the other's work, particularly given that lead defense counsel Eric George has vast experience in litigating the California anti-SLAPP statute.

In short, where a law firm has practiced so extensively in the relevant legal arena, and where lead defense counsel—and an additional seasoned partner with equally vast experience in the area-- the Court should expect to find evidence of efficiency in the research and analysis underlying Defendants' motion. Instead, Defendants' fee request presents precisely the opposite: multiple partner-level attorneys at numerous different law firms billing $450, $600 and $900 or more per hour to research, draft, and edit the very arguments with which this sophisticated litigation boutique is so intimately familiar. No paying client would ever accept such a situation; nor could any Los Angeles-area law firm succeed while billing clients nearly $200,000 for one dispositive motion.

**PLAINTIFF NICKO LACOSTE'S OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS**

For all of the reasons set forth hereinabove, Plaintiff prays that this Court deny the Defendant's Motion for Attorney's Fees in its entirety.

Respectfully submitted,

**SEVERO PLC**

**RAOUL J. SEVERO**
Attorneys for Plaintiff
Nicko Lacoste

**PLAINTIFF NICKO LACOSTE'S OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS**