BROWNE GEORGE ROSS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
Kim S. Zeldin (State Bar No. 135780)
  kzeldin@bgrfirm.com
Eric A. Westlund (State Bar No. 293403)
  ewestlund@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
DANIEL "KEEMSTAR" KEEM, dba
DRAMAALERT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICKO "ROMEO" LACOSTE, dba THE CALIFORNIA DREAM TATTOO,<br><br>          Plaintiff,<br><br>     vs.<br><br>DANIEL "KEEMSTAR" KEEM, dba DRAMAALERT,<br><br><br>        Defendant. | Case No. 2:20-CV-02323-RGK-JPR<br><br>The Hon. R. Gary Klausner<br><br>**REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES FOLLOWING ISSUANCE OF ORDER GRANTING ANTI-SLAPP MOTION**<br><br>Date:        August 24, 2020<br>Time:       9:00 a.m.<br>Courtroom:  850<br><br>Trial Date:  None Set |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   THE HOURS SPENT ON MR. KEEM'S ANTI-SLAPP MOTION
      AND REQUEST FOR FEES WERE REASONABLE AND SHOULD
      NOT BE DENIED OR REDUCED ............................................................................. 2

      A.    This is Not A Case Involving Extraordinary "Special
            Circumstances" ................................................................................................ 2

      B.    Plaintiff Fails to Meet His Burden Of Challenging The
            Reasonableness Of The Hours Charged ........................................................ 4

            1.    Plaintiff's Argument That Mr. Keem Should Only Have
                  Spent Forty Hours On The Motion to Strike Filings Lacks
                  Merit ..................................................................................................... 5

            2.    Plaintiff Improperly Relies On General Conclusory
                  Allegations That The Fees Are "Excessive"; He Fatally
                  Fails To Point To All Specific Time Entries He Is
                  Challenging .......................................................................................... 7

      C.    The Court Should Not Reduce The Fee Award By The Nine
            Entries Plaintiff Specifically Challenges ...................................................... 8

III.  MR. KEEM REQUESTS FEES REASONABLY INCURRED IN
      CONNECTION WITH THIS REPLY .................................................................... 10

IV.   CONCLUSION ....................................................................................................... 10

<strong><u>TABLE OF AUTHORITIES</u></strong>

<strong><u>Page</u></strong>

**<u>FEDERAL CASES</u>**

*Brown v. Stackler*,
    612 F.2d 1057 (7th Cir. 1980) ................................................................... 3

*Farris v. Cox*,
    508 F. Supp. 222 (N.D. Cal. 1981) ........................................................... 4

*Gates v. Deukmejian*,
    987 F.2d 1392 (9th Cir.1992) .................................................................. 4

*Graham-Sult v. Clainos*,
    756 F.3d 724 (9th Cir. 2014) ................................................................... 9

*Grant & Eisenhofer, P.A. v. Brown*, No. CV 17-5968 PSG (AFMx), 2018
    WL 4945303 (C.D. Cal. May 14, 2018) .................................................. 5

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................ 5

*In re Bartenwerfer*,
    No. 3:13-AP-03185, 2020 WL 2060307 (B.A.P. 9th Cir. Apr. 23, 2020) ............. 8

*Jordan v. U.S. Dep't of Justice*,
    691 F.2d 514 (D.C. Cir. 1982) ................................................................ 2

*Lund v. Affleck*,
    442 F. Supp. 1109 (D.R.I. 1977), *aff'd*, 587 F.2d 75 (1st Cir. 1978) .................... 4

*Maloney v. T3Media, Inc.*,
    No. CV 14–05048–AB, 2015 WL 3879634 (C.D. Cal. May 27, 2015) ...... *Passim*

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) .................................................... *Passim*

*Nat. Res. Def. Council v. Locke*,
    771 F. Supp. 2d 1203 (N.D. Cal. 2011) .................................................. 7

*Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*,
    483 U.S. 711 (1987) ................................................................................ 2

1
2

# TABLE OF AUTHORITIES
### (Continued)

**Page**

*Pistoresi v. Madera Irrigation Dist.*,
   No. CV–F–08–843–LJO–DLB, 2009 WL 910867 (E.D. Cal. Apr. 2,
   2009) ............................................................................................................ 3

*Sarver v. Hurt Locker, LLC*,
   No. 2:10-cv-09034-JHN-JCx, 2011 WL 13135126 (C.D. Cal. Dec. 8,
   2011) ............................................................................................................ 2

*Van Gerwen v. Guarantee Mut. Life Co.*,
   214 F.3d 1041 (9th Cir. 2000) ...................................................................... 2

*Vargas v. Howell*,
   949 F.3d 1188 (9th Cir. 2020) ...................................................................... 9

*Vocca v. Playboy Hotel of Chicago, Inc.*,
   519 F. Supp. 900 (N.D. Ill. 1981), *aff'd*, 686 F.2d 605 (7th Cir. 1982) ................ 3

*Welk Resort Grp., Inc. v. Reed Hein & Assocs., LLC*,
   No. 3:17-CV-01499-L-AGS, 2020 WL 553932 (S.D. Cal. Feb. 4, 2020) ............ 9

## STATE CASES

*Christian Research Institute v. Alnor*,
   165 Cal. App. 4th 1315 (2008) ................................................................. 2, 3

*Hadley v. Krepel*,
   167 Cal. App. 3d 677 (1985) ........................................................................ 7

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001) ............................................................................... 4

*Lunada Biomedical v. Nunez*,
   230 Cal. App. 4th 459 (2014) ....................................................................... 7

*Mallard v. Progressive Choice Ins. Co.*,
   188 Cal. App. 4th 531 (2010) ....................................................................... 7

*Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Assn.*,
   163 Cal. App. 4th 550 (2008) .................................................................. 5, 7

*Serrano v. Unruh*,
   32 Cal. 3d 621 (1982) ............................................................................. 2, 4

## I.    <u>INTRODUCTION</u>

As California's anti-SLAPP statute mandates, prevailing defendant Daniel Keem is entitled to an award of his reasonable attorneys' fees and costs[1].

How does plaintiff Nicko "Romeo" Lacoste respond to Mr. Keem's motion for such fees?  He offers <u>no challenge</u> to the reasonableness of the hourly rates . . . or the accuracy of the billing records . . . or the level of detail provided in those records . . . or that the hours sought are consistent with those granted by courts in other anti-SLAPP actions.  And yet, Mr. Lacoste maintains Mr. Keem should be entitled to <u>no</u> attorneys' fees, theorizing that Mr. Keem's requested attorneys' fees were "outrageously inflated."

This is pure bosh.  Mr. Lacoste cannot contest the principles that a successful party's lodestar is presumptively reasonable, and that deference must be accorded to an attorney's decisions how to staff and how many hours to dedicate to protect a client from a substantial judgment.  Here, Mr. Keem was sued for $3.5 million in damages – which presumably Mr. Lacoste believes was not "inflated" – and the undersigned dedicated an appropriate and proportional amount of attorney time in response.  Mr. Lacoste cannot remotely invoke, here, that rare category of cases in which "special circumstances" warrant the wholesale denial of requested fees.[2]

As set forth below, Mr. Keem's fee request is reasonable, and evidenced by each case law metric applicable to analyzing attorneys' fee motions (ranging from the sworn testimony of counsel, to authenticated billing records with detailed and clear entries divided by task, to proof that all time incurred is related to the motion to strike).  We therefore respectfully ask the Court grant the motion and reimburse Mr. Keem all amounts he incurred to procure the dismissal of this action.

---

[1]  Mr. Lacoste does not challenge the $8,188.60 in requested costs.

[2]  The Court struck Plaintiff's Opposition because it violated Local Rule 11.3-6. Dkt. 50. Plaintiff belatedly filed a corrected version of his Opposition.  Dkt. 51.

## II. THE HOURS SPENT ON MR. KEEM'S ANTI-SLAPP MOTION AND REQUEST FOR FEES WERE REASONABLE AND SHOULD NOT BE DENIED OR REDUCED

### A. This is Not A Case Involving Extraordinary "Special Circumstances"

"[T]he lodestar amount is presumptively the reasonable fee amount" (*Van Gerwen v. Guarantee Mut. Life Co*., 214 F.3d 1041, 1045 (9th Cir. 2000)), and absent extraordinary circumstances, a significant adjustment to the lodestar figure is inappropriate (*Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 483 U.S. 711, 728 (1987)).[3]  Only in rare "special circumstances" where "outrageously unreasonable" fees are sought may the court exercise its discretion to significantly reduce or deny a fee request.  *Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982) (*Serrano IV*).  Such an exercise of discretion is rarely warranted.  *See, e.g.*, *Jordan v. U.S. Dep't of Justice*, 691 F.2d 514, 515 (D.C. Cir. 1982) (cited by Plaintiff) (reversing lower court's denial of fees in a Freedom of Information Act case as "beyond the pale of sound judicial discretion"; remanding with instructions to award reasonable fees).

Such "outrageous" circumstances are not remotely present here.  In *Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315 (2008), upon which Plaintiff not

---

[3]  A court may decide to "enhance or reduce the lodestar figure based on an evaluation of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Sarver v. Hurt Locker, LLC*, No. 2:10-cv-09034-JHN-JCx, 2011 WL 13135126, at *2 (C.D. Cal. Dec. 8, 2011) (citation omitted).  These factors include (among other things) the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly.  *Id*. at *2.  In the Ninth Circuit, a small reduction – no greater than 10 percent – may be imposed based on such factors.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  No such reduction is warranted here, where counsel exercised considerable billing judgment already, reducing the lodestar by approximately 16 percent.

only relies, but quotes verbatim without attribution[4], the court was confronted with "outrageous" circumstances in which counsel (i) "inflated the fee claim with a multitude of time entries devoted to matters other than the motion to strike, thereby undermining the credibility of counsel's other entries," (ii) "compounded the boldness of unauthorized reimbursements requests with vague billing entries" unrelated to the anti-SLAPP motion at issue, (iii) block-billed entries that described work merely as "further handling," and (iv) often "made no reference at all to the motion to strike or designated the hours expended as anti-SLAPP work." *Id.* at 1325

The other cases relied upon by Plaintiff – primarily from other jurisdictions concerning other fee statutes – similarly limit the denial of fee requests (or authorize significant fee reductions) to rare circumstances involving egregious conduct not present here. *See*, *e.g.*, *Vocca v. Playboy Hotel of Chicago, Inc.*, 519 F. Supp. 900 (N.D. Ill. 1981), *aff'd*, 686 F.2d 605 (7th Cir. 1982) (fees denied in an civil rights employment discrimination case where plaintiff was guilty of improper conduct throughout the litigation and failed to submit a supporting memorandum with his fee motion); *Brown v. Stackler*, 612 F.2d 1057 (7th Cir. 1980) (court affirmed denial of attorneys' fees pursuant to civil rights statute, where party who claimed more than 800 hours of billable time conceded that work performed was unnecessary pending outcome of another controlling case); *Pistoresi v. Madera Irrigation Dist.*, No. CV–F–08–843–LJO–DLB, 2009 WL 910867 (E.D. Cal. Apr. 2, 2009) (fees denied where requesting party initially failed to provide any billing records, subsequently providing billing records that included unrelated matters, engaged in block billing,

---

[4] Plaintiff's reliance on *Christian Research* goes beyond his citation to it in the brief. Four pages of Plaintiff's Opposition are cut and pasted wholesale from *Christian Research* – although those pages are not attributed to the case as a quote or otherwise. *Compare* Opposition, Dkt. 51 at 8:23-13:15 *with Christian Research*, 165 Cal. App. 4th at 1320-1322 (beginning with headnotes [4] [5] [6] and ending immediately before headnotes [13] [14]).

1    and directly violated a court order).[5]

2        Here, by contrast, the contemporaneous billing records submitted with the

3    declaration of Eric M. George are clear, detailed, and reflect specific tasks that were

4    all obviously (from the billing entries' descriptions) undertaken in connection with

5    the anti-SLAPP motion.  As Mr. George explained in his declaration, all fees for

6    which Mr. Keem seeks to recover are fees that were actually incurred in connection

7    with performing various designated tasks that were reasonable and necessary to the

8    vindication of Mr. Keem's rights against Plaintiff's SLAPP suit seeking $3.5 million

9    in damages.  George Decl. ¶ 12.

10       **B.**     **Plaintiff Fails to Meet His Burden Of Challenging The**

11              **Reasonableness Of The Hours Charged**

12       "The party opposing the fee application has a burden of rebuttal that requires

13   submission of evidence to the district court challenging the accuracy and

14   reasonableness of the hours charged or the facts asserted by the prevailing party in

15   submitted affidavits."  *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir.1992).

16   Where a plaintiff fails "to introduce any evidence (an expert declaration, for

17   example) or specific argument to suggest how much time defense counsel should

18   have spent to prepare the motion and reply," that very failure "is evidence that the

19   hours billed were reasonable."  *Maloney v. T3Media, Inc.*, No. CV 14–05048–AB

---

[5]  The remaining cases Plaintiff cites for the proposition that Mr. Keem's motion should be denied in its entirety merely mention, in dicta, the general rule that in special circumstances the court has the discretion to reduce or deny fees, but those courts do not significantly reduce or deny fees in those cases.  *See, e.g.*, *Ketchum v. Moses*, 24 Cal. 4th 1122, 1137-38 (2001) (court declined to apply a downward adjustment and considered application of a multiplier to the lodestar to increase the fees); *Lund v. Affleck*, 442 F. Supp. 1109 (D.R.I. 1977), *aff'd*, 587 F.2d 75, 77 (1st Cir. 1978) (grant of attorneys' fees in its entirety affirmed); *Serrano IV*, 32 Cal. 3d at 639 (affirming the lower court's award of fees and remanding with instructions to award *more* fees); *Farris v. Cox*, 508 F. Supp. 222 (N.D. Cal. 1981) (court only denied the "fees on fees" portion of the fee request, which, if the case were decided under the anti-SLAPP statute, would be contrary to law).

(VBKx), 2015 WL 3879634, at *7 (C.D. Cal. May 27, 2015).  Further, a plaintiff's failure to point to <u>each</u> entry that is challenged is fatal to his argument.  *See Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Assn.*, 163 Cal. App. 4th 550, 564 (2008).

## 1. <u>Plaintiff's Argument That Mr. Keem Should Only Have Spent Forty Hours On The Motion to Strike Filings Lacks Merit</u>

Plaintiff's argument that his complaint was "relatively simple" and warranted only the expenditure of the forty hours it allegedly took him to prepare the Opposition to the Motion to Strike is without any evidentiary support.  *See* Dkt. 51 at 17:1-2.  He fails even to provide what would be minimally necessary to make such an argument – his counsel's declaration attesting to the hours spent along with the submission of his billing records.

Even had Plaintiff supported his argument with evidence, his opinion lacks merit for four reasons:

***First***, Plaintiff's counsel may have billed fewer hours (and this has not been established), but Plaintiff also lost.  "Any comparison between the hours defense counsel billed and the hours Plaintiffs' counsel billed spent on the anti-SLAPP motion must carefully control for the possibility that the prevailing party's attorneys – who, after all, did prevail – spent more time because they did better work." *Maloney*, 2015 WL 3879634, at *6 (internal quotations omitted).  Deference must be given to "the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Grant & Eisenhofer, P.A. v. Brown*, No. CV 17-5968 PSG (AFMx), 2018 WL 4945303, at *2 (C.D. Cal. May 14, 2018) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)); *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (where a party "obtain[s] excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours

1    reasonably expended on the litigation . . .”).

2        **Second**, Plaintiff's choice to file a perfunctory “simple” complaint to advance

3    his meritless lawsuit does not change the fact that Plaintiff's lawsuit exposed Mr.

4    Keem to significant claimed liability of $3.5 million and required his counsel to

5    vigorously litigate to vindicate his rights based on a number of different legal

6    arguments.  These included the threshold issues establishing the applicability of the

7    anti-SLAPP statute, the procedural aspects of an anti-SLAPP motion in federal

8    diversity proceedings, protected-activity and public-issue analysis under the first

9    prong of the anti-SLAPP statute, the viability of the Plaintiff's tortious interference

10   claims (implicating First Amendment free speech and defamation issues as applied

11   to news reporting), the truth of the underlying statement, and non-actionable

12   opinion, among others.  This case also required careful review and analysis of the

13   YouTube videos at issue as well as additional research across various social media

14   platforms into Plaintiff's status as a public figure and the impact of his sexual

15   misconduct on the public discourse.

16       **Third**, Plaintiff's counsel's alleged forty hours spent preparing one document

17   (the Opposition to the Motion to Strike) is not an “apples to apples” comparison to

18   the work for which Mr. Keem is seeking compensation.  As reflected in Mr. Keem's

19   counsel's declaration and the supporting billing records, Mr. Keem is seeking

20   compensation for the preparation of several documents:  the Special Motion to

21   Strike (which was 20 pages in length and included citations to 53 cases), the

22   Request for Judicial Notice (which included 27 exhibits), the Reply in support of the

23   Motion to Strike, the Opposition to Plaintiff's Motion for Reconsideration, and the

24   Opposition to Plaintiff's ex parte application to file a Sur-Reply, the Motion for Fees

25   and Costs, and the Reply in support of the Motion for Fees and Costs.

26       **Fourth**, Plaintiff's argument that because Mr. Keem's lawyers are skilled and

27   experienced it should have taken them less time is also without merit.  See

28   Opposition, Dkt. 51 at 16:9-17:2.  The court in *Maloney* expressly rejected the

argument that counsel should require less time on a case simply because they are experienced in the area:

> [A] competent lawyer won't rely entirely on last year's, or even last month's, research:  Cases are decided; statutes are enacted; regulations are promulgated and amended.  A lawyer also needs to get up to speed with the research previously performed.  All this is duplication, of course, but it's necessary duplication; it is inherent in the process of litigating over time . . . .  One certainly expects some degree of duplication as an inherent part of the process.  There is no reason why the lawyer should perform this necessary work for free.

*Maloney*, 2015 WL 3879634, at *7 (quoting *Moreno*, 534 F.3d at 1112).

### 2. Plaintiff Improperly Relies On General Conclusory Allegations That The Fees Are "Excessive"; He Fatally Fails To Point To All Specific Time Entries He Is Challenging

To challenge attorneys' fees as excessive, the challenging party must "point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med.*, 163 Cal. App. 4th at 564.  Broad, non-specific, and conclusory arguments that the fees claimed are excessive or duplicative are insufficient.  *Id.*  ("General arguments that fees claimed are excessive, duplicative or unrelated do not suffice."); *Hadley v. Krepel*, 167 Cal. App. 3d 677, 682 (1985) (proper showing by moving party shifts evidentiary burden to opposing party to prove that specific hours are unreasonable); *Mallard v. Progressive Choice Ins. Co.*, 188 Cal. App. 4th 531, 545 (2010) (discrediting claim that fees were unreasonable or duplicative where the assertion was not accompanied by citation to the record or identification of specific unreasonable or duplicative fees); *Nat. Res. Def. Council v. Locke*, 771 F. Supp. 2d 1203, 1214 (N.D. Cal. 2011) ("[A] party complaining about attorney fees [has] a burden of stating their complaints with particularity.") (citation omitted); *Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 488 (2014)

1   (plaintiff's failure to point to the specific items challenged, with a sufficient

2   argument and citations to the evidence, in support of its contention that the amount

3   of awarded attorney fees was excessive was fatal to its claim that the fees should be

4   reduced).

5           When a party like Plaintiff fails to object to <u>each</u> specific time entry he is

6   challenging and instead makes a general request that all fees and costs be denied,

7   that request should be denied.  *See In re Bartenwerfer*, No. 3:13-AP-03185, 2020

8   WL 2060307, at *5 (B.A.P. 9th Cir. Apr. 23, 2020) (district court properly denied

9   request to reduce all time entries due to block billing because "[a] party objecting to

10  fees on the basis of block-billing should specifically identify problematic entries");

11  *Moreno*, 534 F.3d at 1116 ("If opposing counsel cannot come up with specific

12  reasons for reducing the fee request that the district court finds persuasive, it should

13  normally grant the award in full, or with no more than a haircut."); *Maloney*, 2015

14  WL 3879634, at *4 ("The party opposing a fee request must meet that burden with

15  specific objections to specific billing entries.").

16          **C.      <u>The Court Should Not Reduce The Fee Award By The Nine Entries</u>**

17                  **<u>Plaintiff Specifically Challenges</u>**

18          Plaintiff challenges only 9 of the 106 time entries on the bills submitted,

19  arguing that too much time was spent on the public figure and First Amendment

20  issues (19.70 hours) and in finalizing the motion (17.50 hours).  Although

21  subtracting these items from the total is the only <u>potential</u> reduction properly

22  advanced, we submit the Court should not do so.

23          The time spent researching and drafting portions of the anti-SLAPP motion

24  dealing with the public figure issue was not only reasonable, but demonstrably

25  effective.  *See* Dkt. 44 at 4 and 5.  Moreover, finalizing and filing Mr. Keem's anti-

26  SLAPP motion warranted the hours reflected on the bills.  Along with the anti-

27  SLAPP motion (which required conforming to the Local and Court Rules, cite-

28  checking the cases, and accurately citing the evidentiary support), Mr. Keem

1  submitted a Request for Judicial Notice with 27 exhibits, two declarations with

2  several exhibits, and an additional Notice of Lodging.

3      Plaintiff's contention that the work should have been performed by one

4  attorney and that the case was "overstaffed" is not well-taken.  Browne George Ross

5  LLP ("BGR") staffed this case with two partners (one of whom billed minimal

6  time), one associate, and one paralegal.  Similar staffing has been approved on other

7  fee motions.  *See Vargas v. Howell*, 949 F.3d 1188, 1197 (9th Cir. 2020) ("[A] court

8  may not reduce a fee award based on 'speculation as to how other firms would have

9  staffed the case' or 'whether it would have been cheaper to delegate the work to

10 other attorneys.'") (citing *Moreno*, 534 F.3d at 1114-15); *Graham-Sult v. Clainos*,

11 756 F.3d 724, 751 (9th Cir. 2014) (fees granted in anti-SLAPP litigation staffed by

12 two partners and one associate); *Maloney*, 2015 WL 3879634, at *5 (fees granted in

13 anti-SLAPP litigation staffed by at least two attorneys); *Welk Resort Grp., Inc. v.

14 Reed Hein & Assocs., LLC*, No. 3:17-CV-01499-L-AGS, 2020 WL 553932, at *5

15 (S.D. Cal. Feb. 4, 2020) (fees granted in anti-SLAPP litigation staffed by three

16 attorneys).  Further, the fact that certain narrative time entries bear superficial

17 similarities does not establish that the underlying work was duplicative.

18     Finally, in assessing the reasonableness of the fees sought, it is significant that

19 Mr. Keem's counsel exercised billing judgment in at least two notable respects.

20 First, Mr. Keem exercised considerable billing judgment and wrote off more than

21 $30,000, or approximately 16 percent of the charged amount.  George Decl. ¶ 12.

22 Second, Mr. Keem seeks to recover at an hourly rate for the primary timekeepers

23 that has been discounted from BGR's full standard hourly rates.  *Id*. at ¶ 10.  In

24 short, in an exercise of considerable billing judgment, the fees sought by Mr. Keem

25 were already significantly reduced from the reasonable amounts to which Mr. Keem

26 was initially entitled.  This Court is well within its ample discretion to award fees

27 the fees that Mr. Keem requests.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.   <u>MR. KEEM REQUESTS FEES REASONABLY INCURRED IN</u>**
**<u>CONNECTION WITH THIS REPLY</u>**

     Mr. Keem's counsel spent a total of 31.60 hours on this Reply and seeks a total of $18,090.00 in attorneys' fees.  In addition, Mr. Keem's counsel seeks an additional $773.91 in Westlaw fees incurred on July 21, 2020 in connection with the research for Defendant's Motion for Attorneys' Fees.

**IV.   <u>CONCLUSION</u>**

     For the reasons set forth above, Mr. Keem respectfully requests that the Court award him total of $169,875 in attorneys' fees and $8,962.71 in costs (for a total of $178,837.70).

DATED:  August 10, 2020      BROWNE GEORGE ROSS LLP
                           Eric M. George
                           Kim S. Zeldin
                           Eric A. Westlund

                     By:       *s/Eric M. George*
                              Eric M. George
                Attorneys for Defendant DANIEL
                "KEEMSTAR" KEEM, dba DRAMAALERT