UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02323-RGK-JPR | Date | September 1, 2020 |
|---|---|---|---|
| Title | *Nicko LaCoste v. Daniel Keem* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Attorneys' Fees [DE 47]

## I. INTRODUCTION

On March 10, 2020, Plaintiff Nicko LaCoste ("Plaintiff") filed a Complaint against Defendant Daniel Keem ("Defendant") alleging (1) interference with prospective economic advantage, and (2) interference with contractual relations. On May 1, 2020, Defendant moved to strike Plaintiff's claims under California's anti-strategic lawsuit against public participation statute ("the anti-SLAPP statute"), California Code of Civil Procedure § 425.16. The Court granted Defendant's anti-SLAPP motion in full and entered judgment against Plaintiff.

Presently before the Court is Defendant's Motion for Attorneys' Fees under the anti-SLAPP statute. For the following reasons, the Court **GRANTS in part** Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiff is a celebrity tattoo artist. Defendant operates a YouTube channel that reports on breaking news about social media influencers and internet celebrities. Defendant has accused Plaintiff of pedophilia in several videos across YouTube, Twitter, Instagram, and Snapchat. Plaintiff specifically lists three videos Defendant uploaded to YouTube on March 16, 2019, March 17, 2019 and February 10, 2020. In the February 10 video, Defendant interviewed a minor who allegedly had sexual conversations with Plaintiff. Defendant has also said that Plaintiff and his career are finished and that Plaintiff "belongs in a cage."

The accusations against Plaintiff have caused substantial damage to Plaintiff's business "from an aggregate loss of a [sic] mass of individual clients." Defendant was acutely aware of the nature of Plaintiff's business and the potential impact of his statements. There was additional loss from employees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02323-RGK-JPR | Date | September 1, 2020 |
|---|---|---|---|
| Title | *Nicko LaCoste v. Daniel Keem* | | |

deciding to work elsewhere. These losses directly correlate to the videos Defendant created and publicized.

### III. JUDICIAL STANDARD

In the United States, a prevailing litigant ordinarily may not collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). An exception to the general rule exists where a statute or other rule allows the prevailing party to collect such fees. *Id.* at 257.

California's anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("[U]nder [section 425.16(c)], any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.") "In awarding fees the trial court is not constrained by the amount sought by the successful moving parties . . . but is obligated to award 'reasonable attorney fees under section 425.16 [that] adequately compensate[] them for the expense of responding to a baseless lawsuit.'" *Jackson v. Yarbray*, 179 Cal. App. 4th 75, 92 (2009) (alternations in original) (citations omitted).

### IV. DISCUSSION

Defendant requests attorneys' fees of $169,875 and non-taxable costs of $8,962.51. To assess the reasonableness of the fees and costs sought, the Court considers them in turn.

#### A. Attorneys' Fees

Reasonable fees under § 425.16 are calculated using the lodestar method; that is, "the number of hours reasonably expended multiplied by the reasonable hourly rate." *Ketchum*, 24 Cal. 4th at 1134. The party seeking fees "bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate." *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

To challenge attorneys' fees as excessive, the challenging party must "point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 564 (2008). General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice. *Id.*

The Court considers the reasonableness of the hourly rate and hours expended, respectively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02323-RGK-JPR | Date | September 1, 2020 |
|---|---|---|---|
| Title | *Nicko LaCoste v. Daniel Keem* | | |

1. *Hourly Rates*

In California, the "reasonable hourly rate is that prevailing in the community for similar work." *Ctr. for Biological Diversity v. Cty. of San Bernardino*, 185 Cal. App. 4th 866, 896 (2010). The Court has discretion to adjust the hourly rate based on the following facts, assuming they are not already subsumed in the lodestar calculation: (1) the novelty and difficulty of the questions involved; (2) the skills displayed in presenting those questions; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; and (4) the contingent nature of the fee award. *Id.* at 899. "Declarations from local attorneys who practice in the same area of law regarding the prevailing market rate in the community suffice to establish a reasonable hourly rate." *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2014 WL 12586434, at *12 (C.D. Cal. Nov. 7, 2014), *aff'd sub nom. Mireskandari v. Associated Newspapers, Ltd.*, 665 F. App'x 570 (9th Cir. 2016). The district court may also rely upon its own familiarity with the legal market to set the attorneys' hourly rates. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Here, Defendant has supplied the following rates:

- Eric M. George, Partner ("George") at a rate of $900 per hour
- Kim S. Zeldin, Partner ("Zeldin") at a rate of $600 per hour
- Eric A. Westlund, Associate ("Westlund") at a rate of $450 per hour
- Anne Kim, Paralegal ("Kim") at a rate of $150 per hour

In his declaration, George contends that, in his experience, these rates are prevailing in the community for similar work. (George Decl. ¶ 11, ECF No. 47-1.) Plaintiff does not challenge the propriety of these rates.

Based on the submitted materials, the Court's review of the 2018 Real Rate Report, and the Court's familiarity with the local market, the Court finds that the requested rates for George, Zeldin, Westlund, and Kim are reasonable.

2. *Hours Expended*

A prevailing party is entitled to fees incurred directly in connection with the anti-SLAPP motion, in addition to the mandatory anti-SLAPP fees. *Ketchum*, 24 Cal. 4th at 1141. Fees and costs unrelated to the anti-SLAPP motion are not recoverable. *569 E. Cty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 433 (2016). Accordingly, the fee award for a successful anti-SLAPP motion may not include fees that would have been incurred regardless of the anti-SLAPP motion. *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008). Examples of such unrelated fees include attending case management conference, "attacking service of process, preparing and revising an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-02323-RGK-JPR | Date | September 1, 2020 |
| Title | *Nicko LaCoste v. Daniel Keem* | | |

answer to the complaint, summary judgment research . . . and a conference 'regarding the appropriate way to address opposing counsel and the client.'" *Id.*

Counsel for Defendant purportedly spent 307.8 hours on the anti-SLAPP motion, motion for reconsideration, opposition to Plaintiff's ex parte application for sur-reply, and the instant motion for fees, and 31.6 hours on the reply to the fees motion. Plaintiff argues that this amount is unreasonable and should be reduced.

After reviewing the submitted materials, the Court finds that many of the itemizations sought by Defendant are reasonable. However, reductions are necessary. Based on the Court's review of the time records submitted in support of the fees motion, it appears that some of the hours would have been incurred absent the anti-SLAPP motion. The Court therefore finds that the following itemizations must be deducted from the total hours requested:

| Date | Description | Hours |
|---|---|---|
| 03/14/20 | Communicate with J. Nelson and client regarding case strategy | 1 |
| 03/23/20 | Communicate with K. Zeldin, analysis | 0.5 |
| 03/23/20 | Review complaint, correspondence, Youtube videos | 1.2 |
| 03/25/20 | Analysis and communicate with J. Nelson, K. Zeldin | 0.8 |
| 03/25/20 | Emails regarding service of complaint and response (0.40); review local rules regarding same (0.30); review and analysis of complaint (0.40); email to J. Nelson regarding status (0.10); listen to YouTube videos relating to allegations (0.40); emails to E. George regarding status (0.10) | 1.7 |
| 03/27/20 | Telephone call with R. Severo regarding extension of time to respond to complaint (0.10); draft extension of time to respond to complaint and review of local rules regarding same (0.50); emails with R. Severo regarding extension of time (0.10) | 0.7 |
| 04/01/20 | Confer with K. Zeldin regarding litigation strategy (0.2); review and analyze Complaint (0.2) | 0.4 |
| 04/03/20 | Draft analysis and summary of subject YouTube videos | 3.2 |
| 04/06/20 | Call with K. Zeldin regarding litigation strategy (0.20); call with A. Kim regarding fact investigation of allegations against Romero (0.20) | 0.4 |
| 04/06/20 | Draft analysis and summary of subject YouTube videos | 1 |
| 04/06/20 | Review transcripts of YouTube videos | 1 |
| 04/07/20 | Draft analysis and summary of subject YouTube videos | 1.5 |
| 04/07/20 | Conduct research on social media background of Parties (2.00); draft detailed memo of factual findings per K. Zeldin (0.70) | 2.70 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02323-RGK-JPR | Date | September 1, 2020 |
|---|---|---|---|
| Title | *Nicko LaCoste v. Daniel Keem* | | |

| | | |
|---|---|---|
| 04/07/20 | Legal research regarding transfer of venue | 1 |
| 04/07/20 | Review transcripts of YouTube videos | 0.3 |
| 04/08/20 | Conduct research on social media background of parties | 2 |
| 04/08/20 | Confer with K. Zeldin regarding strategy | 0.5 |
| 04/08/20 | Legal research regarding personal jurisdiction and venue (2.20); email with E. George regarding same (0.30) | 2.5 |
| 04/09/20 | Draft detailed memo of factual findings per K. Zeldin (1.00); conduct research on social media background of Parties (1.00) | 2 |
| 04/09/20 | Call with K. Zeldin regarding litigation strategy | 0.2 |
| 04/09/20 | Edit memorandum regarding summary of social media regarding Keem facts | 0.2 |
| 04/10/20 | Emails with A. Kim regarding revisions to memorandum (0.20); research and listen to additional videos regarding Lacoste (1.00); review memorandum regarding social media posts relating to Lacoste and allegations (0.30); call with J. Nelson regarding status (0.20) | 1.70 |
| 04/24/20 | Conduct research regarding public comments made prior to client's first YouTube video posting | 5 |
| 04/26/20 | Conduct further research on social media comments | 2 |

After deducting these itemizations, Defendant's total requested hours is reduced from 339.4 to 305.9 hours.

While "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008), it may reduce hours spent on an anti-SLAPP motion if work was unnecessary, duplicative, or excessive in light of the issues presented. *569 E. Cty. Boulevard*, 6 Cal. App. 5th at 440; *Ketchum*, 24 Cal. 4th at 1132. Here, the Court finds that some of the work performed by defense counsel was duplicative and excessive and reduces those hours accordingly.

First, the Court reduces the hours spent drafting the facts section of the anti-SLAPP motion. On April 7, 2020, Westlund spent 2.2 hours drafting the statement of facts for the anti-SLAPP motion. On April 10, 2020, Westlund appears to have spent another 1.1 hours on this same task.[1] On April 20, 2020, Zeldin spent 3.9 hours reviewing materials for the statement of facts section. She also spent an hour revising the statement of facts. Finally, on April 21, 2020, Westlund and Zeldin incurred 2 and 2.2

---

[1] Because Westlund spent 2.2 hours drafting the statement of facts and "public issue" sections, the Court deems Westlund to have spent 1.1 drafting the statement of facts section.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02323-RGK-JPR | Date | September 1, 2020 |
|---|---|---|---|
| Title | *Nicko LaCoste v. Daniel Keem* | | |

hours, respectively, drafting the facts section. In short, Westlund and Zeldin spent 12.4 hours on the six-and-a-half-page facts section of the anti-SLAPP motion. Given the length and complexity of the facts section, the attorneys' experience, and the fact that Kim appeared to have already extensively investigated the facts of the case earlier,[2] the Court finds that 12.4 hours are excessive and concludes that 6 hours are reasonable for this task, 3 hours for each attorney.

The Court also reduces the hours spent researching the public-interest section of the anti-SLAPP motion. On April 21, 2020, Zeldin spent 2.5 hours researching the "public interest prong" for the anti-SLAPP motion. This work was duplicated by Westlund the following day when he spent 5.5 hours researching the "issue of public importance." The Court concludes that 5 hours is a reasonable amount for this task, 2.5 hours for each attorney.

Reductions are also appropriate for the time defense counsel spent finalizing their anti-SLAPP motion. On May 1, 2020, Westlund spent 11 hours "finalizing" the anti-SLAPP motion. Zeldin spent 6.5 hours doing the same, while Kim spent 5 hours "finalizing exhibits and pleadings." Given the 7 hours that Zeldin had already spent four days earlier on "[e]xtensive revisions" to the anti-SLAPP brief, the Court finds that 22.5 hours of "finalizing" by two attorneys and a paralegal were excessive. The Court concludes that 6 hours is a reasonable amount for this task, 2 hours for each timekeeper.

Finally, on June 26, 2020, Westlund recorded two consecutive entries of 4.7 hours each spent researching the motion for attorneys' fees and the lodestar method of calculation of fees. Considering that the lodestar method is not complex, the Court concludes that only one 4.7-hour entry is reasonable.

Thus, the Court further reduces the hours requested from 305.9 to 275.3.

   3.  *Lodestar Calculation*

Applying the reductions above yields a total of 275.3 hours. Multiplying the 275.3 hours by the reasonable hourly rates of George, Zeldin, Westlund, and Kim, respectively, generates a total of $142,095.

---

[2] For example, on April 7, 2020, Kim recorded spending 2.7 hours researching and drafting a memorandum of factual findings. She spent the total of 4 hours doing the same on April 8 and 9, 2020.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-02323-RGK-JPR | Date | September 1, 2020 |
| Title | *Nicko LaCoste v. Daniel Keem* | | |

### B. Costs

A prevailing defendant is entitled to reasonable costs and fees incurred in connection with the anti-SLAPP motion. *569 E. Cty. Boulevard*, 6 Cal. App. 5th at 433. Here, Defendant requests the following costs, which total $8,962.51:

| Date | Description | Amount |
|---|---|---|
| 05/08/20 | Westlaw/online research | $6,266.51 |
| 06/05/20 | Westlaw/online research | $1,460.09 |
| 06/05/20 | RELX Inc./online research | $462 |
| 07/21/20 | Westlaw/online research | $773.91 |

Upon review, the Court finds that Defendant has not satisfied its burden to show that the requested costs are reasonable. Defendant has not submitted "evidence on how attorneys [sic] in the legal community charge for Westlaw and Lexis use. In this court's experience, some consider it an overhead covered by an attorney's hourly rate, some charge a flat fee, some pass along the exact amount they are charged for particular searches, and others charge for Westlaw and Lexis services at the law firm's individual rates." *B & H Mfg. Co. v. Bright*, No. CV F 01-6619 AWI LJO, 2006 WL 547975, at *16 (E.D. Cal. Mar. 3, 2006). Here, defense counsel did not supply the Court with the firm's Westlaw and Lexis fee arrangement or otherwise explain how counsel arrived at the requested amount. Absent such information, there is nothing from which the Court can conclude that the amount billed was reasonable.

Accordingly, the Court denies Defendant's request for costs without prejudice.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Defendant's Motion. The Court awards Defendant $142,095 in fees. The Court **DENIES without prejudice** Defendant's request for costs. Any renewed motion for costs must be filed within **14 calendar days of this Order's issuance.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | SMO |