UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02323-RGK-JPR | Date | October 19, 2020 |
|---|---|---|---|
| Title | *Nicko LaCoste v. Daniel Keem* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Renewed Motion for Costs [DE 57]

## I.   INTRODUCTION

On March 10, 2020, Nicko LaCoste ("Plaintiff") filed a Complaint alleging (1) interference with prospective economic advantage and (2) interference with contractual relations against Daniel Keem ("Defendant"). Compl. ¶¶ 28–42, ECF No. 1.

Defendant filed a Motion to Strike Plaintiff's claims under California's anti-strategic lawsuit against public participation statute ("the anti-SLAPP statute"). Cal. Civ. Proc. Code § 425.16. The Court granted Defendant's motion. Under the statute, Defendant moved for attorneys' fees. The Court granted the motion in part but denied without prejudice Defendant's request for costs.

Presently before the Court is Defendant's renewed Motion for Costs under the anti-SLAPP statute. For the following reasons, the Court **DENIES** the Motion.

## II.   FACTUAL BACKGROUND

Plaintiff filed this action against Defendant alleging that Defendant damaged Plaintiff's business. After Plaintiff filed the Complaint, Defendant successfully moved to strike both claims under California's anti-SLAPP statute. The Court entered judgment in favor of Defendant. Subsequently, Defendant filed a motion to recover attorneys' fees and costs, requesting an award of $169,875 in attorneys' fees and $8,962.51 in costs. Specifically, Defendant requested $8,188.60 incurred for online research. (*See* George Decl. ¶ 16, ECF No. 47-1.)

In the Court's Order regarding Defendant's Motion for Attorneys' Fees ("Order"), the Court awarded Defendant attorneys' fees of $142,095. (Order at 7, ECF No. 56.) The Court reduced Defendant's award because some of the requested attorneys' fees were unrelated to the anti-SLAPP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02323-RGK-JPR | Date | October 19, 2020 |
|---|---|---|---|
| Title | *Nicko LaCoste v. Daniel Keem* | | |

Motion. The Court declined to grant Defendant's request for costs because defense counsel did not demonstrate that the costs were reasonable.

### III.  JUDICIAL STANDARD

California's anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("[U]nder [section 425.16(c)], any SLAPP defendant who brings a successful motion to strike is entitled to mandatory fees.") Unless the court finds an award unjust, the court should compensate the prevailing party for reasonable fees and costs that are solely related to obtaining the fee award. *See Serrano v. Unruh*, 32 Cal. 3d 621, 624 (1982).

### IV.  DISCUSSION

Defendant claims he is entitled to $8,962.51 in costs of online research conducted on Westlaw and LexisNexis.

A prevailing defendant is entitled to costs and fees incurred in connection with the anti-SLAPP motion. *569 E. Cty. Boulevard LLC*, 6 Cal. App. 5th at 433. In this circuit, reasonable charges for computerized research may be recovered if separate billing for such expenses is "the prevailing practice in the local community." *Trs. of the Const. Indus. and Laborers Health and Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1259 (9th Cir. 2006) (citation omitted). Additionally, the counsel for the prevailing party should explain how they arrived at the requested amount and provide appropriate documentation in support. *See, e.g., B & H Mfg. Co. v. Lyn E. Bright*, No. CVF01-6619 AWI LJO, 2006 WL 547975, at *16 (E.D. Cal. Mar. 3, 2006) (reducing Westlaw and LexisNexis expenses because the attorneys paid a flat fee for the services and did not provide evidence on how much legal research they used for the case).

In support of their renewed motion for costs, Defendant provides the declaration of Eric George, who is the main Counsel for Defendant ("Counsel"). Counsel pays a monthly fee for Westlaw and LexisNexis. Prior to beginning research, the attorneys and paralegals must enter a client billing number assigned to the case. Based on this number, Counsel determines the proper rate to bill clients. Counsel also provides the Court with a catalogue of all charges incurred in April, May, and June 2020 associated with the client number for this case.

Here, the Court finds this catalogue to be exceedingly vague for the purposes of this motion. This catalogue includes all legal research associated with Defendant's billing number, including research unrelated to the anti-SLAPP statute. For example, in the Court's Order, the Court removed an itemization from April 7, 2020 for "[l]egal research regarding transfer of venue" because it would have

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-02323-RGK-JPR | Date | October 19, 2020 |
|---|---|---|---|
| Title | *Nicko LaCoste v. Daniel Keem* | | |

been incurred absent the anti-SLAPP motion. (Order at 4.) However, the Westlaw catalogue here also includes a legal research entry on April 7, 2020. Counsel has not assured the Court that the Westlaw or LexisNexis catalogue includes entries solely related to the anti-SLAPP motion. Without more, the Court cannot determine with any accuracy whether the Westlaw or LexisNexis usage entries were incurred in relation to the anti-SLAPP motion. Accordingly, the Court cannot determine whether the costs requested are reasonable.

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** without prejudice the Motion. Any renewed motion for costs must be filed within **10 (TEN) calendar days of this Order's issuance**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre |